STATE v. L. E. STEPHENS.

(Filed 8 December, 1915.)

**1. Indictment—Counts—Duplicity—Courts—Criminal Law.**

An indictment may charge several offenses arising out of the same transaction, and it is discretionary with the trial judge to consolidate two bills against the same accused and treat them as separate counts of the same bill; and though the indictment may be bad for duplicity, the error will be cured by a *nol. pros.* as to all but one offense, or by a verdict.

**2. Criminal Law—Attempt to Commit Arson—Felony—Statutes.**

Revisal, sec. 3338, changes the common-law offense of an attempt to commit arson from a misdemeanor into a felony.

**3. Indictment—Several Counts—Election.**

Where there is more than one count under an indictment in a criminal matter relating to the same transaction, the State is not required to elect before the close of the evidence, and whether an election will be ordered rests within the discretion of the trial judge.

**4. Criminal Law—Accessory—Principal Not Tried.**

An accessory before the fact may be put on trial irrespective whether the principal shall have been put on trial or not.

**5. Indictment — Attempt to Commit Arson — Defects — Motions — Supreme Court—Specific Averment—Separation—Procedure.**

The defendant may move in the Supreme Court in arrest of judgment on an indictment which is fatally defective; but on the charge of an attempt to commit arson, the means by which the offense was committed need not to be specifically averred, and the motion in arrest will be refused when sufficient matter appears upon which to rest the judgment (Revisal, sec. 3254), the proper course being to request the trial judge, in his discretion, to order a bill of particulars, under the provisions of Revisal, sec. 3244.

**6. Indictment—Less Offense—Conviction—Accessory—Attempt to Commit Arson.**

A person charged with arson may be convicted of the less offense of an attempt to commit arson (Revisal, sec. 3244); but the question does not arise in this case whether he may be charged as an accessory before the fact and convicted of an attempt, the judge having charged the jury that they could not convict of the first offense.

APPEAL by defendant from *Harding, J.,* at February Term, 1915, of ·CATAWBA.

*Attorney-General Bickett, Assistant Attorney-General Calvert, and W. A. Self for the State.*
*Walter C. Feimster, Avery & Erwin, and Councill & Yount for defendant.*

CLARK, C. J. The defendant was tried under two bills treated as counts in the same indictment. In the first bill he was indicted jointly with one Leary Lowman, said Lowman being charged with burning the dwelling-house of M. J. Stephens, the wife of L. E. Stephens, and L. E. Stephens being charged with procuring and commanding the said Leary Lowman to commit said felony. The second indictment charged the defendant Stephens with attempting to burn the same dwelling-house.

On the first bill, when Leary Lowman was arraigned for arson the defendant L. E. Stephens, who was charged in that bill as accessory before the fact, moved and obtained a severance. Leary Lowman tendered the State submission to a verdict of guilty of an attempt to burn, under Revisal, 3336, which was accepted.

When the defendant was put upon trial on the two bills treated as separate counts he excepted to consolidation of the two bills.

The order of consolidation rested in the discretion of the court. *S. v. Toole,* 106 N. C., 736; *S. v. McNeill,* 93 N. C., 552; *S. v. Reel,* 80 N. C., 442.

Two indictments for the same offense may be treated as separate counts of the same bill. *S. v. R. R.,* 152 N. C., 785; *S. v. R. R.,* 125 N. C., 666; *S. v. Perry,* 122 N. C., 1018; *S. v. Lee,* 114 N. C., 885.

The defendant was here charged as accessory before the fact in procuring Lowman to burn the house of M. J. Stephens, and in the second count with an attempt to burn the same house. An indictment may charge several offenses arising out of the same transaction. *S. v. Burnett,* 142 N. C., 577; *S. v. Howard,* 129 N. C., 584.

At common law an attempt to commit a felony was a misdemeanor. *S. v. Jordan,* 75 N. C., 27; *S. v. Boyden,* 35 N. C., 505. But now, under Revisal, 3336, an attempt to commit arson is made a felony.

An election is not required, where there is more than one count relating to the same transaction, until the close of the evidence. In *S. v. Parish,* 104 N. C., 687, the Court said: "It rests in the sound discretion

of the trial judge to determine whether he will compel an election at all, and, if so, at what stage of the trial." To same effect, 1 Bishop New Cr. Proc. (2 Ed.), sec. 454 *et seq.*

In *S. v. Burnett,* 142 N. C., 577, it was held that though an indictment charging two separate and distinct offenses in the same count was bad for duplicity, the error was cured by a *nol. pros.* as to all but one charge, or by a verdict.

The court instructed the jury that they could not convict the defendant on the first count as accessory before the fact to arson. This was doubtless because he thought there was no evidence to support the charge, for under Revisal, 3287 and 3288, an accessory before the fact may be put on trial irrespective whether the principal shall .have been put on trial or not.

The defendant was convicted on the second count for an attempt to commit arson. He moves in this Court in arrest of judgment upon the ground that the bill does not charge an overt act. This motion can be made for the first time in this Court, like the similar motion that a complaint does not state a cause of action or that the Court does not have jurisdiction. Rule 27, 164 N. C., 548; *S. v. Caldwell,* 112 N. C., 855, and cases cited thereto in the Anno. Ed.

There is no more reason why the methods or means resorted to in an attempt to commit arson, or any other crime, should be specifically averred than in charging the offense of arson, or murder, or any other crime. "An attempt to commit arson" or an "attempt to commit murder" conveys the same information to the defendant as if the charge was of murder or of arson, and further information could be sought by a bill of particulars in accord with our reformed procedure. We no longer charge whether a murder was committed with a knife or a pistol, nor the length and breadth and depth of a wound, and the same is true as to all other offenses. In lieu of this, we have adopted Revisal, 3244, which provides: "In all indictments, when further information not required to be set out therein is desirable for the better defense of the accused, the court, upon motion, may in its discretion require the solicitor to furnish a bill of particulars of such matters." This statute has been repeatedly cited and applied to various offenses. See citations under that section in Pell's Revisal.

Revisal, 3254, provides that no warrant or indictment "shall be quashed nor the judgment thereon stayed by reason of any informality or refinement, if in the bill of proceeding sufficient matter appears to enable the court to proceed to judgment." The charge of an attempt to burn the house of his wife, and a conviction thereof, was certainly sufficient to enable the court to proceed to judgment. The defendant had as full information as if he had been charged with burning the house or

with murder. If he desired further information, and needed it, certainly the court, on his motion, would have ordered a bill of particulars.

The defendant relies upon *S. v. Colvin*, 90 N. C., 717, which was decided over thirty years ago. By reference to that decision it will be seen that it was based upon the former practice, which required great fullness of detail in indictments, and merely instanced that the indictments as to this offense had followed the ancient precedents. That case has been mentioned three times since, *i. e.*, in the dissenting opinion in *S. v. VanDoran*, 109 N. C., 872; in *S. v. Crews*, 128 N. C., 581, in which it was not followed, the Court saying that it did not apply where the charge was of the attempt as a crime in itself and not, as in *S. v. Colvin*, an attempt to commit another crime. It was again before the Court in *S. v. Heffner*, 129 N. C., 549, in which *S. v. Crews* was quoted with approval. Since the last of these cases, which was in 1901, the Legislature has adopted, as applicable to criminal proceedings, Revisal, 3244, above quoted, the substitution of the bill of particulars for the details formerly set out in indictments. This provision as to bill of particulars had prevailed previously as to civil proceedings, Revisal, 494, and was thus made expressly applicable to criminal cases, to which the Court had applied it in *S. v. Brady*, 107 N. C., 822.

The enactment of the bill of particulars as to criminal actions was since *S. v. Colvin*, and the above cases which cited it, and was evidently intended to make all indictments alike in regard to dispensing with the insertion of the means and methods by which any offense was committed. In this respect "an attempt" was an anomaly in criminal proceedings, and as such was removed by Revisal, 3244.

Revisal, 3269, provides: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein, or of a less degree of the same crime, or of an attempt to commit the crime so charged or of an attempt to commit a less degree of the same crime." If the defendant had been charged with committing arson, he could have been convicted of an attempt to do so. It is not necessary to consider whether he could be convicted of an attempt when he was charged in the first count of being an accessory before the fact, for, however that may be, the court having instructed the jury that they could not convict on the first count, that matter is not reviewable. But on the second count, charging the attempt as a substantive offense, we think that in analogy to all other offenses and under Revisal, 3244 and 3254, the motion in arrest of judgment must be denied. The other exceptions do not require discussion.

No error.