STATE v. BOSTON N. BOYD.

(Filed 13 March, 1918.)

1. **Courts—Constitutional Law—Statutes—Jurisdiction—Appeal and Error.**

   The creation of county courts by statute is not inhibited by our Constitution, and such statutes are valid. The legislative authority to create such courts with jurisdiction in matters of contract, and tort also, with concurrent civil jurisdiction with a justice of the peace, is not presented on appeal from judgment in a criminal action.

2. **Criminal Law—Bawdy Houses— Leases— Knowledge— Misdemeanors— Particeps Criminis.**

   One who leases a house to be kept as a bawdy house, with knowledge of the continued use to which it was put, is *particeps criminis* in the commission of the misdemeanor, and is punishable as a principal therein.

3. **Same—Evidence.**

   The fact that one who leased a house used as a bawdy house knew of and acquiesced in the use to which it was put may be shown by its continued use as such, and the reputation it bore in the community.

4. **Same—Instructions — Verdict Directing — Trials — Questions for Jury— Burden of Proof—Appeal and Error.**

   Where the evidence is conflicting as to whether the lessor knew that the house leased was used as a bawdy house, from the circumstances existing, the question raised is one of fact for the jury, with the burden on the State to show the guilty knowledge beyond a reasonable doubt; and it is reversible error for the court to direct a verdict of guilty upon the evidence as a matter of form.

STATE *v.* BOYD.

APPEAL from *Calvert, J.,* at November Term, 1917, of PITT.

The defendant was tried in the County Court of Pitt on a warrant charging him with keeping a disorderly house, commonly called a bawdy house, by leasing the house where illicit sexual intercourse was habitually carried on to one Ethel Lee, a female prostitute, with knowledge of the immoral purpose for which the house was to be used.

Upon conviction the defendant appealed to the Superior Court.

The appeal was tried at November Term, 1917, of Pitt, *Calvert, J.,* and from a verdict and judgment of guilty the defendant appeals.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*Harry Skinner for defendant.*

BROWN, J. A large part of the elaborate brief of the learned counsel for defendant is devoted to an attack upon the constitutionality of the act of the General Assembly creating the County Court of Pitt County. The argument is presented with much force and has received our careful consideration. We are of opinion that the constitutionality of such courts has been settled by repeated decisions of this Court and cannot now be brought in question. We cite a few of them: *S. v. Baskerville,* 141 N. C., 811; *S. v. Lytle,* 138 N. C., 738; *S. v. Collins,* 151 N. C., 648; *S. v. Tate,* 169. N. C., 373; *Oil Co. v. Grocery Co.,* 169 N. C., 522.

The contention that the act is a violation of the constitution in that it gives the court civil jurisdiction in matters of tort and contract, also concurrent jurisdiction with a justice of the peace may be worthy of serious consideration, but such points are not raised by this appeal.

We are now dealing with the criminal jurisdiction of the court. The power of the court to exercise the civil jurisdiction conferred on it is not before us.

The position that the warrant fails to charge a criminal misdemeanor is untenable.

The warrant charges substantially that Ethel Lee kept a bawdy house where illicit sexual intercourse was habitually carried on and that the defendant leased the house to her with full knowledge of the purpose for which the house was to be used.

It cannot be questioned that keeping a bawdy house is a misdemeanor and punishable as such. The person who leases a house for that purpose with knowledge of the use to which the house is put is *particeps criminis* and is treated as a direct offender, for in misdemeanors all who aid and abet in the commission of the offense are principals.

It is an indictable offense to keep a house of ill fame or to be in any way concerned in it. Therefore, letting a house for that purpose neces-

sarily makes the lessor an aider and abettor in the crime. 2 Wharton Crim. Law, p. 1892; *People v. Erwin,* 4 Denio (N. Y.), 129; *Stevens v. People,* 67 Ill., 587; *Smith v. S.,* 31 Md., 425; *Commonwealth v. Harrington,* 3 Pick (Mass.), 26.

In discussing this question, the Supreme Court of Indiana says, in *Graeter v. State,* 105 Ind., 271: "In a prosecution for letting a house to be kept as a house of ill fame, evidence of the general reputation of the house and its inmates for chastity is competent. In such case actual knowledge on the part of the defendant of the kind of house kept, from having seen acts of prostitution therein need not be shown. It is sufficient to prove knowledge by circumstantial evidence. The owner of a house so kept may not shut his eyes to that which is patent to the community around him, and stop his ears from that which has become notorious among his neighbors, and say he has no actual knowledge."

The Supreme Court of Maine says, in *S. v. Frazier,* 79 Me., 95: "One who has authority to let a tenement and receive the rents has control of it, within the meaning of the statute; but the mere fact of control is not sufficient to charge a person with aiding in the illegal use thereof as a house of ill fame. He must consent to it, *though knowledge of the illegal use and inaction to prevent it may be evidence of consent* which is a fact to be proved in each case."

The motion to nonsuit was properly overruled.

The State's evidence tends to prove that the defendant is the owner of the house and rented it to Ethel Lee. There is evidence that the house is a house of prostitution. There is circumstantial evidence tending to put the defendant on inquiry and from which it may be inferred that he had knowledge of the purpose for which the house was to be used.

The defendant excepted to the following instruction to the jury:

"I think it fair to say, gentlemen of the jury, that this case is what we call first impression, so you will return a verdict of guilty, if you find the facts as testified to by the State's witnesses and admitted by the defendant himself, and the State takes this position so that the Supreme Court may have an opportunity to pass upon the case and to say what the criminal law is in regard to the renting of this property for that purpose. If you should disregard the instruction of the court you would in effect give the impression that you think the witnesses of the State lied, and that the defendant himself had lied about the manner in which he rented his houses, so that I give the case to you as a matter of form to return the verdict."

The exception is well taken. The court could not legally direct the jury to return a verdict of guilty in this case as a matter of form.

The burden of proof was on the State to satisfy the jury beyond a reasonable doubt, not only that the house was kept as a bawdy house by

Ethel Lee, but also that the defendant leased it to her with knowledge of the immoral and illegal use to be made of it.

It is admitted that the defendant leased the house, but he testified that he had no knowledge of the immoral use to which it was to be put.

The judge manifestly erred in directing a verdict of guilty. He should have submitted the case to the jury under proper instructions and let them draw such inferences from the facts and circumstances in evidence as they thought reasonable and proper.

New trial.