STATE v. F. C. BONNER AND JUNIOR FOWLER.

(Filed 2 December, 1942.)

**1. Criminal Law § 33—**

In a prosecution for murder against several defendants, alleged confessions, separately made by defendants, are competent only against the defendant making the confession and are incompetent against any codefendant, who was not present at the time the alleged confession was made and who did not by word or conduct acquiesce therein.

**2. Criminal Law § 47—**

In criminal prosecutions for murder, upon separate indictments against several defendants, consolidated and tried together, it was prejudicial error to deny motions for separate trials, the State relying solely for conviction upon alleged separate confessions, incriminating defendants not present and who had not acquiesced therein.

APPEAL by defendants F. C. Bonner and Junior Fowler from *Thompson, J.,* at May Term, 1942, of COLUMBUS.

Criminal prosecutions upon separate bills of indictment, consolidated and tried together, charging each defendant with the murder of Ira L. Godwin.

The record discloses that about ten o'clock on night of 4 April, 1942, Ira L. Godwin was found in his filling station near Whiteville, North Carolina, lying in a pool of blood, and that he was dead; that appellants, F. C. Bonner and Junior Fowler, and two others, Lonnie Melton Todd and Joe McDaniel were charged individually and in separate bills of indictment with the murder of Godwin; and that motions of appellants for separate trials were overruled, and "defendants excepted."

The case on appeal further discloses that, upon the trial of the above named four persons charged with the murder of Ira L. Godwin, the

The defendants did not testify and offered no evidence on the trial.

The defendant Joe McDaniel, who allegedly made a joint confession
with defendant Junior Fowler, was acquitted. Defendants F. C. Bonner
and Junior Fowler and Lonnie Melton Todd were each convicted of
murder in the first degree. Upon such verdict judgments were pro-
nounced, in which, as relates to them, the appellants, F. C. Bonner and
Junior Fowler, were each condemned to death by asphyxiation "on the
day prescribed by law," and each appeals to the Supreme Court and
assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton
and Rhodes for the State.*

*Wm. F. Jones for defendant, appellant, Bonner.*

*E. M. Toon and Detlaw Sanderson for defendant, appellant, Fowler.*

WINBORNE, J. Upon the record on this appeal the appellants contend
stressfully, and we think with propriety, that each of them was preju-
diced by the denial of their motions for separate trials. While at the
time the motions were made and overruled, it doubtless did not appear
that the State, in order to connect defendants with alleged murder of
Ira L. Godwin, relied upon alleged confessions separately made by the
defendants, which would be competent as evidence only against the
defendant making the confession, and incompetent as evidence against
any codefendant who was not present at the time the alleged confession
was made, and who did not by word or conduct acquiesce therein. How-
ever, in view of the fact that in each of the alleged confessions incrimi-
nating statements were made against other defendants, we are unable to
conclude that such incriminating statements were not prejudicial to such

others when it became apparent that the State relied solely upon such confessions for the conviction of the defendants. As stated in *S. v. Cotton,* 218 N. C., 577, 12 S. E. (2d), 246: "Without questioning the power of the court to consolidate cases for trial in proper instances, and in discretionary authority ordinarily to deal with an application for a severance . . . it would seem that a mistrial and severance at the close of all the evidence would have been in order."

As the case goes back for new trial, and as the record on appeal does not disclose in full the evidence upon which the court ruled as to competency of the alleged confessions, we make no decision thereon. However, we call attention to the case of *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643, and cases therein cited, as well as other decisions on the subject.

Also, as there is to be a new trial we deem it unnecessary to deal with exception to form of judgment.

New trial.