## STATE v. CHARLIE HERNDON.

(Filed 19 May, 1943.)

**1. Criminal Law § 52b—**

On a motion for judgment as of nonsuit in a criminal case, C. S., 4643, the evidence must be considered in the light most favorable to the State.

**2. Prostitution § 5c—**

In a criminal prosecution for permitting property to be used for prostitution, C. S., 4358, where the State's evidence tended to show that defendant owned the property so used, which was across the road from his residence, that defendant's wife was one of the operators of the place of ill fame and that its general reputation was bad, motion for judgment as of nonsuit properly denied.

**3. Prostitution § 5c—**

On an indictment for permitting property to be used for prostitution or assignation, evidence of the house and its inmates for chastity is competent and knowledge thereof may be proven by circumstantial evidence. The owner may not shut his eyes and close his ears to that which is patent and notorious to the community.

**4. Evidence § 15—**

Inconsistent statements of a witness on his examination-in-chief and on cross-examination go to his credibility and not necessarily to the competency of his evidence.

**5. Trial § 15—**

The refusal to grant a motion to strike out testimony, given on the trial without objection, is in the discretion of the trial judge, and is not reviewable on appeal.

APPEAL by defendant from *Thompson, J.,* at September Term, 1942, of ROBESON.

Criminal action tried upon indictment, charging Mrs. Edith Herndon, Avery Fairfax and Charlie Herndon of unlawfully and willfully maintaining and operating a place, structure and building for the purpose of prostitution and assignation, etc.

Verdict: Guilty. Judgment as to the appealing defendant: Eighteen months in jail to be assigned to work under the direction of the State Highway and Public Works Commission.

Defendant Charlie Herndon appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*John H. Cook and Malcolm McQueen for defendant.*

DENNY, J.   The defendant does not contend that the evidence adduced at the trial was insufficient to show that the premises were used for the purpose of prostitution and assignation. The buildings are located across the hard-surface road from the residence occupied by the defendant and his wife, Edith Herndon, and consists of one central building, known as Herndon's Service Station, and seven cabins.

The evidence disclosed that Charlie Herndon did operate the service station and cabins several months prior to the date in question, 14 June, 1942. Later the cabins were being operated by Mrs. Herndon and the service station was closed. This defendant was present at least part of the time while the cabins were being searched by the officers on 14 June, 1942, made inquiry as to the search warrant, and, according to the testimony of one of the officers, the defendant told him two or three times before and since the raid that he wanted to sell the property and was trying to sell it. The State introduced a mortgage deed executed by the defendant and his wife, Edith Herndon, to the State of North Carolina, on the premises in question, for a bond in the sum of $300.00, dated 23 June, 1942, which instrument had been duly recorded in Robeson County, N. C.

Defendant assigns as error the refusal of his Honor to grant his motion for judgment as of nonsuit. On motion for judgment as of nonsuit, the evidence must be considered in the light most favorable to the State. *S. v. McKinnon, ante,* 160; *S. v. King,* 219 N. C., 667, 14 S. E. (2d), 803; *S. v. Brown,* 218 N. C., 415, 11 S. E. (2d), 321; *S. v. Hammonds,* 216 N. C., 67, 3 S. E. (2d), 439.

The fact that defendant's wife may have been the manager and operator of the cabins would not constitute a defense for the defendant if he, as owner, permitted the property to be used in the manner set forth in C. S., 4358, which reads in part as follows: "It shall be unlawful: . . . For any person to permit any place, structure, building or conveyance owned by him or under his control to be used for the purpose of prostitution or assignation, with knowledge or reasonable cause to know that the same is, or is to be, used for such purpose."

We think the evidence as to ownership and knowledge on the part of this defendant of the purpose for which the premises were used was sufficient to warrant the submission of the evidence to the jury. In the case of *S. v. Boyd,* 175 N. C., 791, 95 S. E., 161, our Court said: "In discussing this question, the Supreme Court of Indiana says, in *Graeter v. State,* 105 Ind., 271: 'In a prosecution for letting a house to be kept as a house of ill fame, evidence of the general reputation of the house and its inmates for chastity is competent. In such case actual knowledge on the part of the defendant of the kind of house kept, from having seen acts of prostitution therein need not be shown. It is sufficient to prove knowledge by circumstantial evidence. The owner of a house so kept may not shut his eyes to that which is patent to the community around him, and stop his ears from that which has become notorious among his neighbors, and say he has no actual knowledge.' "

In the instant case the State offered a number of witnesses who testified that the reputation of these cabins was bad.

The defendant also assigns as error the refusal of his Honor to strike out the evidence of D. L. White, as to the bad reputation of the cabins at Herndon's Service Station. The witness was allowed to testify without objection, on direct examination, that he knew the reputation of the cabins on the day of the search and it was bad. However, on cross-examination the witness said he did not know of the reputation of the place until after the indictment was found. The refusal to grant a motion to strike out testimony given on the trial without objection, is in the discretion of the trial judge, and not reviewable on appeal. *S. v. Merrick,* 172 N. C., 870, 90 S. E., 257; *S. v. Lane,* 166 N. C., 333, 81 S. E., 620. However, an inconsistent statement in the testimony of a witness goes to the credibility of the witness, and not necessarily to the competency of the evidence. *Blanchard v. Peanut Co.,* 182 N. C., 20, 108 S. E., 332. This exception cannot be sustained.

The remaining assignments of error are without substantial merit. In the judgment below, we find

No error.