STATE v. ENNIS TRUELOVE, BILL BYRD AND KATHALEENE BYRD.

(Filed 22 March, 1944.)

**1. Criminal Law § 47—**

Upon the consolidation and trial together, over defendants' objection, of two indictments, the first against all three of defendants for abduction of a fourteen-year-old girl, and the second against two of the three defendants for an assault with intent to commit rape upon the abducted child during the abduction, while a verdict of guilty on the first charge and a verdict of not guilty on the second would seem to render the exception to the consolidation feckless, the right to consolidate was in the sound discretion of the trial court. G. S., 15-152.

**2. Criminal Law § 53a—**

The rule that what the court says to the jury is to be considered in its entirety and contextually saves from successful attack the use, on a trial for abduction, of the expression "taken out," where the jury must have understood from the entire charge that the court meant thereby "taken away."

**3. Trial § 29a: Appeal and Error § 39e—**

Where the court, in concluding its charge, referred to the indictment for abduction as one for "kidnapping," and the jury corrected it by the use of the word "abduction" in the verdict, there is no error, the inadvertence being a *lapsus linguæ.*

APPEAL by defendants from *Williams, J.,* at November Term, 1943, of HARNETT.

Criminal prosecutions tried upon indictments charging the defendants, Annis (Ennis) Truelove, Bill Byrd and Kathaleene (Catherine) Byrd, in one bill, with abducting Edna Byrd in violation of G. S., 14-41 (C. S., 4223), and charging the defendants, Annis Truelove and Bill Byrd, in another bill, with an assault upon Edna Byrd with intent to rape, con-

solidated and tried together, as both charges arose out of the same trans-
action or a series of connected transactions.   Exception.

There is evidence on behalf of the prosecution to show that on 21
August, 1942, about 3 p.m., in the town of Coats, the three defendants
induced Edna Byrd, a child under 14 years of age, who at the time was
skating alone on a sidewalk near her grandmother's home, to enter an
automobile in which they were riding, under the guise of offering to take
her to her grandmother's and then continued on beyond her grand-
mother's house and carried her out into the country, where the two male
defendants assaulted her with intent to rape according to her testimony.
Due to car trouble, they did not get back until 10:00 p.m., or about seven
hours from the time of the alleged abduction.

The evidence is in sharp conflict as it relates to both indictments.   It is
amply sufficient, however, to carry the case to the jury on both charges.

Verdicts: On the charge of abduction: "Defendants guilty of abduc-
tion as charged in the indictment."   On the charge of assault with intent
to rape: "Not guilty."

Judgment: Imprisonment in the State's Prison for not less than 3 nor
more than 5 years.   Judgment against *feme* defendant suspended on
terms.

The defendants appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton
and Rhodes for the State.*
*Neill McK. Salmon for defendants.*

STACY, C. J.   The questions presented are, (1) the propriety of the
consolidation, and (2) the correctness of the charge.

First, in respect of the consolidation, it is to be observed that the jury
returned a verdict of "not guilty" on the second indictment, or the one
charging assault with intent to rape.   This would seem to render the
exception feckless, even if initially regarded as one of substance, though
the State contends the consolidation was proper in any event.   *S. v.
Stephens,* 170 N. C., 745, 87 S. E., 131.

It is provided by G. S., 15-152 (C. S., 4622), that when there are
several charges against any person for the same act or for two or more
transactions connected together, or for two or more transactions of the
same class of offenses, which may be properly joined, the court will order
them to be consolidated for trial.   *S. v. Norton,* 222 N. C., 418, 23 S. E.
(2d), 301; *S. v. Chapman,* 221 N. C., 157, 19 S. E. (2d), 250.

Speaking to the subject in *S. v. Combs,* 200 N. C., 671, 158 S. E., 252,
it was said: "The court is expressly authorized by statute in this State
to order the consolidation for trial of two or more indictments in which

the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others."

On the record as presented, we think the question of consolidation was a matter resting in the sound discretion of the trial court. *S. v. Waters,* 208 N. C., 769, 182 S. E., 483; *S. v. Stephens, supra.*

Second, in respect of the charge, the rule that what the court says to the jury is to be considered in its entirety and contextually would seem to save it from successful attack. *S. v. Alex Harris,* 223 N. C., 697; *S. v. Grass,* 223 N. C., 31, 25 S. E. (2d), 193.

The principal exception is addressed to the instruction that if Edna Byrd were intriguingly induced to get into the car, "and as a result of such inducement she got in the automobile and was taken out," the defendants would be guilty of a violation of the statute. G. S., 14-41 (C. S., 4223.) The defendants complain at the use of the expression "taken out" as being in excess of the statutory language, "induce . . . to leave," and necessarily too broad. *S. v. Burnett,* 142 N. C., 577, 55 S. E., 72. It is quite clear, from a reading of the entire charge, and the jury must have so understood it, that "taken out" was here employed in the sense of "taken away." In speaking to the same matter in other portions of the charge, the expressions, "induce . . . to leave" and "took her away," are used. The meaning seems clear enough. It is hardly susceptible of any misunderstanding. The exception is without substantial merit. It must be overruled.

In concluding the charge, the court referred to the indictment against all three of the defendants as one for "kidnapping." This was a clear inadvertence, a *lapsus linguæ,* and the jury corrected it by using the word "abduction" in the verdict.

No fatal error has been shown and the record appears to support the verdict, hence the result is an affirmance.

No error.