### STATE v. HARVEY ASHBURN.

(Filed 12 October, 1949.)

**Abduction §§ 3, 8—**

In a prosecution under G.S. 14-41 it is not necessary for the State to show that the child was carried away by force. Evidence that defendant induced a minor to accompany him on a trip for immoral purposes by promising marriage is sufficient to sustain conviction.

APPEAL by defendant from *Burgwyn, Special Judge,* at January Term, 1949, of LEE. No error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*H. F. Seawell, Jr., for defendant, appellant.*

DEVIN, J. The defendant was charged with the abduction of a girl under the age of 14 years, in violation of G.S. 14-41. There was verdict of guilty, and from judgment imposing sentence the defendant appealed.

The defendant's assignment of error chiefly debated was the denial of his motion for judgment of nonsuit, but we think the State's evidence was sufficient to carry the case to the jury. The defendant offered no evidence. The material facts as they appear from the State's evidence were substantially these: The girl was at the time of the offense charged not

quite 12 years of age, residing with her widowed mother, and in the sixth grade at school. The defendant was a married man, but this fact was unknown to the girl. She had been meeting him at the home of his cousin where he began kissing her and talked to her of marriage. She said he told her he wanted to marry her and asked her to marry him, and she consented. On the date alleged, during the noon recess, he drove to the school in an automobile, and said to her, "Come on, let's go," and she got in the car with him and he drove away. This was without the knowledge or consent of her mother. The traveled to Winston-Salem, to Surry County, to York, South Carolina, and returned after an absence of six days. She testified he had sexual relations with her four times during their travels.

Under the statute as interpreted by the decisions of this Court, it was not necessary for the State to show she was carried away by force, but evidence of fraud, persuasion, or other inducement exercising controlling influence upon the child's conduct would be sufficient to sustain a conviction. *S. v. Chisenhall,* 106 N.C. 676, 11 S.E. 518; *S. v. Burnett,* 142 N.C. 577, 55 S.E. 72; *S. v. Truelove,* 224 N.C. 147, 29 S.E. 2d 460.

We have examined the other exceptions noted by the defendant and brought forward in his assignments of error, but find that none of them are of sufficient merit to warrant vacating the verdict and judgment.

In the trial we find

No error.