STATE v. JOHN RICHARD HUMPHREY.

(Filed 10 December, 1952.)

**1. Bastards § 6—**

Where there is testimony that notice to and demand upon defendant for support of his illegitimate child was made on defendant the month prior to the issuance of the warrant, the fact that a corroborating witness testifies that the demand was made during the month warrant was issued, does not justify nonsuit even though the corroborating testimony may imply that the warrant was issued prior to demand.

**2. Criminal Law § 52a (4)—**

Conflicts in the testimony of the State's witnesses cannot justify nonsuit, it being the province of the jury to resolve such conflicts.

**3. Bastards § 6½—**

The failure of the court to charge that there was no obligation upon defendant to support the child in question until he had been given notice that he was the father and demand made upon him for support, cannot be held prejudicial when there is evidence of notice and demand prior to the issuance of the warrant and the court categorically charges that in order to convict defendant the jury must be satisfied beyond reasonable doubt that defendant was the father of the child, and further that he knowingly, intentionally and with stubborn and willful purpose refused to support the child.

APPEAL by defendant from *Bone, J.,* June Term, 1952, of ROBESON. No error.

The defendant was charged with willfully neglecting and refusing to provide support for his illegitimate child in violation of G.S. 49-2.

The State's witness, the unwed mother, testified that the defendant was the father of her child which was born 18 December, 1950; that when the baby was 3 months old, and ill at the time, she went to the store where the defendant was employed and asked him for support for the child, asked him for help; that defendant said he knew it was his child but he was not going to give her a cent. The defendant was married about the time the child was born. He has done nothing to provide support for the child.

The mother of the State's witness testified that she went with her daughter to the store where defendant was employed, and that the child's mother told him she needed help for the baby, and the defendant said, "I know it is mine, but I am not giving her a cent." She said this was in May.

The defendant testifying in his own behalf denied he was the father of the child. Though he admitted he had been with the State's witness he denied ever having had sexual relations with her. He admitted she came to the store and asked for help but denied he admitted paternity.

The court charged the jury, among other things, as follows:

"Two things are necessary to be shown beyond a reasonable doubt in order to make out a case against this defendant and to justify the jury in convicting him: First, that he is the father of the illegitimate child of Ellen Jane Biggs, born December 18, 1950, and second, that he has wilfully neglected or refused to support and maintain the child.

"Of course, if you fail to find beyond a reasonable doubt that he is the father of the child, then he would be under no obligation to support it. But, if you do find beyond a reasonable doubt that he is the father of the child, then this law would require him to support the child; and if he is the father and has wilfully neglected or refused to support it, he would be guilty of the offense that he is charged with."

The jury returned verdict of guilty, and from judgment imposed the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Robert L. Emanuel, Member of Staff, for the State.*

*F. D. Hackett for defendant, appellant.*

DEVIN, C. J. The defendant assigns error in the refusal of the trial court to allow his motion for judgment of nonsuit, chiefly on the ground that the State's evidence failed to show that before the issuance of the

warrant the defendant after notice and demand willfully failed and refused to support and maintain the child.

But we think the evidence sufficient to carry the case to the jury. The testimony of the child's mother tended to show not only that the defendant was the father of her child but also that after notice and demand for support of the child the defendant failed and refused to do so. The demand and refusal took place in March, 1951, two months before the warrant was issued. True, the witness' mother related the circumstances of the demand on the defendant and his refusal to comply, and testified that this was in May. As the warrant was issued 5 May, 1951, her testimony does not necessarily show that the demand upon the defendant for support of the child was made after the institution of the prosecution, but if it does have that implication it would only present a contradiction in the testimony which it was the province of the jury to resolve. The motion for judgment as of nonsuit was properly denied.

Defendant also assigns error in the portion of the charge hereinbefore quoted, on the ground that the court should have gone further and instructed the jury that there was no obligation upon the defendant to support the child until he was given notice that he was the father and demand made upon him for support, and that this was not supplied by evidence of a demand made subsequent to the indictment, citing *S. v. Summerlin,* 224 N.C. 178, 29 S.E. 2d 462; *S. v. Hayden,* 224 N.C. 779, 32 S.E. 2d 333; *S. v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9; *S. v. Sharpe,* 234 N.C. 154, 66 S.E. 2d 655.

This is the same question presented on the motion for judgment as of nonsuit. The State's evidence warranted the finding by the jury under the court's charge that notification to the defendant that he was the father of the child was given, that he admitted paternity and refused support in March, 1951, before the warrant was issued. The court defined the meaning of the word "wilful" as used in the statute and charged the jury that they must be satisfied beyond a reasonable doubt that the defendant was the father of the child, and further that he knowingly, intentionally and with stubborn and willful purpose neglected or refused to support the child before they could return verdict of guilty.

We think the jury fully understood the nature and essential elements of the offense charged, and that the evidence warranted the verdict and judgment.

In the trial we find

No error.