## STATE v. DONALD DYER.

(Filed 24 March, 1954.)

**1. Criminal Law § 47—**

> Where separate indictments charge two or more persons with committing offenses of the same class, which offenses are so connected in time and place that the evidence at the trial upon one of the indictments would be competent and admissible at the trial of the other, or others, the indictments may be consolidated for trial. G.S. 15-152.

**2. Same—**

> Where two persons are charged in separate bills of indictment with receiving stolen goods knowing them to have been stolen, and there is no evidence tending to show there was a conspiracy between them, or between them and other parties, but the indictments relate to the receiving of goods separately by each defendant at different times and places, the consolidation of the indictments for trial over objection of appealing defendant must be *held* for prejudicial error.

APPEAL by defendant from *Williams, J.,* November-December Term, 1953, of WAYNE.

The appellant and one Ted Gray were charged in separate bills of indictment with the statutory offense of receiving stolen goods knowing them to have been stolen.

The defendant Donald Dyer was charged with receiving fifty-five cartons of cigarettes of the value of less than $100.00 on 1 January, 1953, the goods and chattels of Colonial Stores, Inc., knowing the said cigarettes to have been stolen. The defendant Ted Gray was charged with receiving one case of Jewel oil, one-half case of Crisco, twenty-five cartons of cigarettes, twelve pounds of coffee, of the value of less than $100.00, on 12 January, 1953, the goods and chattels of Colonial Stores, Inc., knowing the said goods to have been stolen.

Donald Dyer, B. G. Porter, Ted Gray, Willis Gray, and Milton Warren were each charged in separate bills of indictment with receiving stolen goods, the property of Colonial Stores, Inc., knowing them to have been stolen. All five were called and each one entered a plea of not guilty, whereupon the solicitor moved to consolidate the cases against Donald Dyer and Ted Gray for the purpose of trial. Both defendants objected. The objections were overruled and each one excepted.

The State's evidence tends to show that Harold Cashwell, Elmer Keen, and Billie Matthews were employed by Colonial Stores, Inc., in Goldsboro; that they entered into a conspiracy to steal and did steal from said store a large quantity of merchandise; that Cashwell and Matthews waived a bill of indictment and pleaded guilty to the charge of larceny and conspiring with each other to commit larceny.

Harold Cashwell testified for the State to the effect that he was employed by Colonial Stores in Erwin, North Carolina, on 4 July, 1952; that while working in Erwin he lived in Dunn. In October, 1952, he was transferred by his employer to its store in Goldsboro; that beginning in December, 1952, and over a period of approximately five weeks, he began to take cigarettes, margarine, Jewel oil, pepper, and cheese from the Colonial Store in Goldsboro; that he was produce clerk, Matthews was produce manager, and Keen was the assistant manager; that the merchandise was put in lettuce crates and cardboard boxes and taken out of the store by Matthews, Keen and himself through the front door during business hours; that he used a car belonging to Matthews to dispose of the goods; that in disposing of the goods he made about two trips a week for four or five weeks. He testified that on his first trip he sold merchandise to Ted Gray whose place of business was between Dunn and Erwin; that Gray ran a filling station and pool room. The testimony of this witness is to the effect that he sold Ted Gray stolen merchandise on numerous occasions; that he sold him Jewel oil for thirty cents a quart that sold for fifty-nine cents in the store; cigarettes for $1.00 a carton that sold for $1.55 in the store. The only sale made to the defendant Dyer, according to the State's evidence, was fifty-five cartons of cigarettes at $1.15 per carton, which were delivered to him at his place of business in Dunn, North Carolina, on 1 January, 1953.

The defendant Dyer testified in his own behalf to the effect that he purchased fifty-five cartons of cigarettes for $67.75; that at the time he made the purchase he did not know Cashwell and had never received any communication from him; that when Cashwell came to his place of business and made inquiry about selling him cigarettes, he told him he did not need any. Cashwell then said he would sell them to him at $1.25 per carton. Upon inquiry as to why he could sell them so cheap, Cashwell

said he was working at a cigarette factory in Durham and they allowed him so many; that he had saved them and wanted to get rid of them.

The jury returned a verdict of not guilty as to Gray and guilty as to Dyer. From the judgment imposed the defendant Dyer appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Doffermyre & Stewart for defendant, appellant.*

DENNY, J. We think the defendant's exception to the order of consolidation is well taken and should be upheld.

It is provided by G.S. 15-152 that when there are several charges against any person for the same act or for two or more transactions connected together, or for two or more transactions of the same class of offenses, which may be properly joined, the court will order them to be consolidated for trial. *S. v. Truelove,* 224 N.C. 147, 29 S.E. 2d 460; *S. v. Norton,* 222 N.C. 418, 23 S.E. 2d 301; *S. v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250.

In *S. v. Truelove, supra,* two men and a woman were charged with abducting a little girl under fourteen years of age, who, at the time, was skating along the sidewalk near her grandmother's home; the two male defendants were also indicted for an assault on the child with intent to commit rape. The cases were consolidated and tried together as both charges arose out of the same transaction or a series of connected transactions. The consolidation was upheld and properly so.

Likewise, it is pointed out in *S. v. Combs,* 200 N.C. 671, 158 S.E. 252, that "the court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others," citing *S. v. Cooper,* 190 N.C. 528, 130 S.E. 180; *S. v. Jarrett,* 189 N.C. 516, 127 S.E. 590; *S. v. Malpass,* 189 N.C. 349, 127 S.E. 248.

In the case of *S. v. Norton, supra, Winborne, J.,* in speaking for the Court, said: "The offenses charged are of the same class, relate to an assault upon the same person, and appear to be so connected in time and place as that evidence at the trial upon one of the indictments would be competent and admissible at the trial of the other. In such cases there is statutory authority for consolidation," citing authorities.

We think the present case is factually distinguishable from the cases cited and relied upon by the State. It is true the defendants Dyer and Gray were charged with separate offenses of the same class, but with

having been committed at different times and places. Moreover, the State offered no evidence tending to show that there had been or was a conspiracy between these defendants, or between them and other parties to commit the alleged crimes. The indictments were not against the same person but were against different individuals. Separate and distinct offenses were charged, complete in themselves and independent of each other, and not provable by the same evidence. *McElroy v. United States,* 164 U.S. 76, 41 L. Ed. 355; Wharton's Criminal Procedure, Vol. I (10th Ed.), Section 352, page 405, *et seq.* The State offered a great deal of evidence to the effect that numerous sales of merchandise stolen from the Colonial Stores, Inc., were made to Ted Gray and others, which evidence was not admissible against the defendant Dyer and the court so ruled with respect thereto many times during the progress of the trial. Even so, in our opinion the defendant was prejudiced by the order of consolidation. See *S. v. Bonner,* 222 N.C. 344, 23 S.E. 2d 45. Hence, the defendant is entitled to a new trial and it is so ordered.

New trial.