STATE v. RAYMOND BRYANT, DAVID LEE HICKS, BENNIE LEE FORD, WILLIAM ALLEN ATKINSON, HENRY WILLIAMS, WILLIAM EDWARD WILSON, ELOYSE FORD.

(Filed 15 April, 1959.)

**1. Criminal Law § 87—**

Separate indictments for rape are properly consolidated for trial when the charges relate to successive rape of the same person by defendants, and each of the convicted defendants, in the presence of the others, confesses that in the presence of the others he had sexual intercourse with the prosecuting witness forcibly and against her will, since the crimes are the same and are so connected that evidence at the trial upon one of the indictments would be competent and admissible in the trial of the others. G.S. 15-152.

**2. Criminal Law § 101—**

Discrepancies and contradictions, even in the testimony of the prosecuting witness, do not justify nonsuit, but are for the jury and not the court to resolve.

**3. Rape § 4—**

The evidence tending to show the guilt of each defendant, including the confession of each in the presence of the others, *is held* sufficient to show that each had sexual intercourse with the prosecutrix by force and against her will, and discrepancies in the testimony of the prosecuting witness as to circumstances preceding the commission of the offenses do not justify nonsuit.

APPEAL by defendants from *Paul, J.,* November Term, 1958, of WAYNE.

This is a criminal action. The defendants were charged in separate bills of indictment with rape. The respective bills of indictment charged that the defendant named therein, "on or before the 24th day of August, 1958, with force and arms, at and in the county aforesaid, did, unlawfully, wilfully and feloniously ravish and carnally know Mrs. Leslie Gerald Strickland, a female, by force and against her will" etc.

STATE *v.* BRYANT.

The Solicitor for the State moved to consolidate all seven cases for the purpose of trial. The motion was allowed. The defendants objected and excepted.

There is ample evidence that the prosecuting witness was first assaulted by the defendant David Lee Hicks, while she was walking in an alley or path across a field around 10:30 o'clock on the night of 24 August 1958. The evidence tends to show that while the prosecuting witness was walking along Elm Street in Goldsboro, the defendant Hicks passed the prosecuting witness and spoke to her. She inquired of him where a certain family lived; he directed her to an alley or path off Leslie Street. After she had proceeded a short distance along the alley, she was seized from behind by Hicks. She struggled to free herself but was unable to do so. Hicks had sexual intercourse with her, and before he finished the defendant Wilson appeared on the scene and helped remove some of her clothing. Almost immediately thereafter the other defendants appeared. Hicks again had sexual intercourse with her before the others did.

The evidence is to the effect that each of the defendants had sexual intercourse with the prosecuting witness, forcibly and against her will; that some of the defendants, after having sexual intercourse with her, left the immediate group but remained nearby. Testimony further tends to show that at all times while the respective defendants were having sexual intercourse with the prosecuting witness, she was being held by some of the other members of the group, except when Hicks had intercourse with her the first time.

The defendants were arrested and each thereafter admitted to police officers that he did have sexual intercourse with the prosecuting witness, forcibly and against her will, at the time and place charged. All of these defendants were together when they made their oral confessions, except Eloyse Ford who was arrested later and who also admitted that he did have sexual intercourse with the prosecuting witness, forcibly and against her will as charged.

When the oral confessions were offered in evidence, counsel for the defendants asked to be heard on the voluntariness of the statements made by the defendants. The court heard the evidence in the absence of the jury; whereupon, counsel for the defendants stated in open court "that they did not question the voluntariness of the statements made by the several defendants to Mr. Carter" (the chief detective of the Goldsboro Police force and the officer who was testifying about the confessions). The jury returned to the courtroom and the confessions were admitted.

At the conclusion of all the evidence the defendants Henry Williams

and Eloyse Ford pleaded guilty, which pleas were accepted by the State. At that time the court instructed the jury that the cases against these two defendants were no longer before them and would not be considered by them.

The jury returned a verdict of guilty of rape as to all the remaining defendants with the recommendation that punishment of life imprisonment in the State's Prison be imposed as to the defendants Raymond Bryant, Bennie Lee Ford, William Allen Atkinson and William Edward Wilson. As to the defendant David Lee Hicks, the verdict of the jury was guilty of rape without making any recommendation. Accordingly, the sentence of death was pronounced against him. A sentence of life imprisonment was entered as to each of the other defendants, including Eloyse Ford and Henry Williams who pleaded guilty.

From the sentences imposed, the defendants Raymond Bryant, David Lee Hicks, Bennie Lee Ford, William Allen Atkinson and William Edward Wilson appeal, assigning error.

*Attorney General Seawell, Assistant Attorney General Bruton for the State.*

*Herbert B. Hulse, Mitchell E. Gadsen, Earl Whitted, Jr., for the defendants.*

DENNY, J.   The defendants' first assignment of error is based on their exception to the ruling of the trial court in granting the Solicitor's motion to consolidate the cases for trial.

The general rule with respect to the consolidation of criminal cases is stated in *S. v. Combs,* 200 N.C. 671, 158 S.E. 252. "The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others. C.S. 4622 (now G.S. 15-152). *S. v. Cooper,* 190 N.C. 528, 130 S.E. 180; *S. v. Jarrett,* 189 N.C. 516, 127 S.E. 590; *S. v. Malpass,* 189 N.C. 349, 127 S.E. 248."

In *S. v. Norton,* 222 N.C. 418, 23 S.E. 2d 301, the three defendants were charged in separate bills of indictment with an assault upon the same person and the cases were consolidated for trial. Although the defendants did not challenge the consolidation, the Court in its opinion said: "The offenses charged are of the same class, relate to an assault upon the same person, and appear to be so connected in time

and place as that evidence at the trial upon one of the indictments would be competent and admissible at the trial of the other. In such cases there is statutory authority for consolidation." The following cases are in accord with the above view: *S. v. McLean,* 209 N.C. 38, 182 S.E. 700; *S. v. Davis,* 214 N.C. 787, 1 S.E. 2d 104; *S. v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250; *S. v. Truelove,* 224 N.C. 147, 29 S.E. 2d 460; and *S. v. Spencer,* 239 N.C. 604, 80 S.E. 2d 670.

These appellants cite and rely on *S. v. Dyer,* 239 N.C. 713, 80 S.E. 2d 769, and *S. v. Bonner,* 222 N.C. 344, 23 S.E. 2d 45. These cases are distinguishable from the one now before us.

In the *Dyer* case the defendants were charged with separate offenses of the same class, but of offenses having been committed at different times and places. Moreover, the separate offenses were not provable by the same evidence.

In the *Bonner* case the two defendants were being tried under separate bills of indictment for the first degree murder of the same person, and the cases were consolidated for trial. The State was relying solely for conviction upon alleged separate confessions, each of which incriminated the other defendant and which had not been made in his presence or acquiesced in by him. The consolidation for that reason was held improper.

In the instant case, all of the defendants who were convicted by the jury were together when they made their confessions, and each defendant, according to the evidence, expressly admitted in the presence of the others that he did have sexual intercourse with the prosecuting witness, forcibly and against her will. This assignment of error is overruled.

The defendants also assign as error the refusal of the court below to allow their motion for judgment as of nonsuit at the close of the State's evidence and upon the renewal thereof at the close of all the evidence.

The defendants insist that the evidence of the prosecuting witness was not worthy of belief, since she first told the officers that she was at home with her two small children; that it was late at night and her husband was away from home looking for work; that she heard a car she thought was her husband's and went out to see. She said at that time a two-tone car drove up beside her and stopped and that two colored boys got out and forced her into the car; that they drove to some place, she didn't know exactly where, and she was forced out of the car; that the driver drove off and the other colored boys raped her. She later repudiated her statements in this respect, stating that when she was assaulted she was on her way to the home of some

friends who lived on Slocum Street, for the purpose of getting someone to come stay with her until her husband came home; that she was afraid to stay by herself. She said she told about the automobile because "she knew her husband would be mad with her if he knew she was that far from home, as he didn't want her to leave the house at night."

Discrepancies and contradictions in the testimony of a witness goes to the credibility of the witness and not necessarily to the competency of the testimony. Discrepancies and contradictions in the State's or in a plaintiff's evidence are matters for the jury and not for the court. *S. v. Smoak,* 213 N.C. 79, 195 S.E. 72; *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463; *S. v. Herndon,* 223 N.C. 208, 25 S.E. 2d 611; *S. v. Ham,* 224 N.C. 128, 29 S.E. 2d 449; *S. v. Humphrey,* 236 N.C. 608, 73 S.E. 2d 479.

The evidence in this case is voluminous and lurid. Therefore, we have purposely refrained from setting it out in full herein. However, the State's evidence as revealed on the record in this appeal was not only sufficient to carry the case to the jury against each of these defendants, but amply sufficient to support the verdict rendered. This assignment of error is without merit.

Thirty-one of the remaining assignments of error are to the court's charge to the jury. We have carefully examined all the exceptions upon which all of the remaining assignments of error are based, and no prejudicial error is shown that would justify a new trial. Hence, in the trial below, we find no error in law.

No Error.