OF

NORTH   CAROLINA

AT

RALEIGH

---

SPRING SESSION 1970

---

STATE OF NORTH CAROLINA v. CHRIS ROLAND ELLIOTT

No. 7015SC279

(Filed 15 July 1970)

1. Robbery § 4— aiding and abetting in armed robbery — sufficiency of evidence

   Evidence of the State was sufficient to be submitted to the jury on the issue of defendant's guilt of aiding and abetting in the armed robbery of a State Highway Patrolman.

2. Criminal Law § 92— armed robbery cases against two defendants — consolidation for trial

   The trial court did not err in consolidating for trial prosecutions against two defendants for the armed robbery of a State Highway Patrolman.

APPEAL by defendant from *Copeland, S. J.,* January 1970 Criminal Session of Superior Court held in ORANGE County.

Defendant was charged in a bill of indictment, proper in form, with the felony of armed robbery.

Upon the plea of not guilty, trial was by jury, and the verdict was guilty of the felony of armed robbery, a violation of G.S. 14-87.

From a judgment of imprisonment of thirty years in the State's prison, the defendant appealed to the Court of Appeals.

State v. Elliott

*Attorney General Morgan and Deputy Attorney General Moody for the State.*

*Michael D. Levine for defendant appellant.*

MALLARD, C. J.

[1]    The defendant contends that the trial court committed error in failing to allow defendant's motion for judgment of nonsuit. The evidence for the State tended to show that on the morning of 15 November 1969, Sergeant Wesley M. Boykin (Boykin), of the North Carolina State Highway Patrol, was on duty and was driving on Interstate 85 in Orange County, near the Durham County line. He observed a Pontiac station wagon (station wagon) parked on the side of the road and stopped to investigate. A man was standing beside the car. As Boykin's patrol car approached, the man entered the station wagon and drove away. Boykin turned on his blue overhead light, and the station wagon stopped. The driver of the station wagon was Jonas Floyd Reaves (Reaves). The defendant in this case, Chris Roland Elliott (Elliott), was a passenger in the station wagon. While talking with the driver, Boykin detected an odor of alcohol on Reaves' breath and asked him to step out, which he did. After examining Reaves, Boykin placed Reaves under arrest for operating an automobile on a highway while under the influence of intoxicating liquor. Boykin then took Reaves back to the patrol car and placed him in the passenger side of the front seat. Elliott came back to the patrol car and asked Boykin if he could sit in the back of the patrol car and was told that he could. Elliott went back to the station wagon, returned with a jacket-type coat, and got in the back seat of the patrol car. When Boykin attempted to make a call on his two-way radio in the patrol car, he heard Reaves say, "Wait a minute, I am going to kill you." Boykin saw that Reaves had a small gun pointed directly at Boykin's chest. Then Elliott said from the back seat, "You are done for, fella." Reaves attempted to take the service revolver away from Boykin, and Boykin lunged for Reaves' gun. As he did this, Reaves' gun discharged, striking Boykin in the stomach. At the time Boykin was struck in the stomach with the shot from the gun held by Reaves, he was also struck on the top of the head by some instrument, after which he could feel the blood running down his face. Boykin did not see the blow but gave the opinion that the blow came from the right rear area of the car. Elliott was

the only person in the rear seat of the car. On cross-examination, Boykin stated that he was struck on the head six or seven times with the first blow preceding the others by about twenty-five to thirty seconds. While Boykin did not think Reaves struck the initial blow, he did think it was possible that Reaves could have struck the blows that he received subsequent to the initial blow. Boykin testified that he heard the back door of the car slam after he was shot and struck on the top of his head and that Elliott left the car and ran away. Reaves then took Boykin's service revolver away from him, after a struggle for possession of the gun. The door on the driver's side of the patrol car was opened. Boykin fell out onto the pavement, went around the patrol car to the edge of an embankment and fell, rolling down the embankment about fifty feet. Reaves then took the patrol car, drove it West about three hundred feet, and Boykin heard a voice calling out, "Chris." The patrol car remained stopped for about ten or fifteen seconds and then moved on out of sight on Interstate 85. Boykin struggled to the top of the embankment to the traveled portion of the highway and stood at the rear of the station wagon. After about ten minutes a passing driver in a truck took him to Watts Hospital where he remained for a total of twenty-three days.

There was ample evidence of the defendant's guilt to require submission of the case to the jury. The defendant's contention that the court committed error in failing to allow his motion for nonsuit is without merit.

[1]  Defendant contends that the trial court committed error in permitting the jury to decide whether appellant was an aider or abettor to the crime of armed robbery. Applying the principles of law enunciated by the Supreme Court of North Carolina in the cases of State v. Keller, 268 N.C. 522, 151 S.E. 2d 56 (1966) ; State v. Spears, 268 N.C. 303, 150 S.E. 2d 499 (1966) ; State v. Burgess, 245 N.C. 304, 96 S.E. 2d 54 (1957), we are of the opinion and so hold that the trial judge did not commit error in charging the jury on aiding and abetting.

[2]  The defendant contends that his case should have been severed from the case of State v. Jonas Floyd Reaves. It is established law in North Carolina that where criminal offenses charged are of the same class and appear to be so connected in time and place that the evidence upon the trial of one would be admissible upon the trial of the other, then such cases may be consolidated for trial by the trial judge. The question of con-

solidation is a matter resting in the sound discretion of the trial judge. No abuse of discretion is shown. *State v. Truelove,* 224 N.C. 147, 29 S.E. 2d 460 (1944).

The statute, G.S. 14-87, which the defendant was charged with violating, provides that upon conviction of a violation thereof, the punishment shall be "by imprisonment for not less than five nor more than thirty years." The sentence imposed on the defendant did not exceed that provided by the statute.

We have carefully considered all of the exceptions and assignments of error brought forward and argued in his brief and find no prejudicial error in the trial of this defendant.

No error.

MORRIS and GRAHAM, JJ., concur.