STATE OF NORTH CAROLINA v. MELVIN DeWALT

No. 7227SC703

(Filed 22 November 1972)

1. Criminal Law § 92— consolidation of charges against two defendants — confessions implicating each other — only one confession used

Defendant was not prejudiced by the consolidation for trial of charges against defendant and a co-defendant for the identical crimes of breaking or entering and larceny, notwithstanding each defendant had made a statement incriminating the other, where only defendant's statment was admitted in evidence at the trial.

2. Criminal Law § 128— denial of mistrial — co-defendant's change of plea to guilty

The trial court did not err in the denial of defendant's motion for mistrial when his co-defendant changed his plea from not guilty to guilty where the co-defendant's guilty plea was entered during a voir dire hearing in the absence of the jury, the co-defendant was removed from the courtroom during the jury's absence, the jury was not informed that the co-defendant had pled guilty and there was nothing in the remainder of the trial which would have indicated to the jury that the co-defendant had entered such plea.

3. **Criminal Law § 76— admissibility of confession — conflicting evidence**

   The trial court's determination that defendant's confession was made freely, understandingly and voluntarily was supported by competent evidence on voir dire, although the evidence was conflicting, and the confession was properly admitted in evidence.

4. **Burglary and Unlawful Breakings § 5; Larceny § 7— breaking and entering — larceny — sufficiency of evidence — confession**

   The State's evidence was sufficient to be submitted to the jury as to defendant's guilt of breaking or entering a service station and larceny of property therefrom where there was evidence that a service station was entered and merchandise taken therefrom, a witness testified he saw three people carrying merchandise from the station and putting it into two cars, and defendant's confession established that he was one of the three people who entered the station and took merchandise therefrom and placed it in his car.

APPEAL from *Harry C. Martin, Judge,* 9 May 1972 Criminal Regular Session, Superior Court, LINCOLN County.

Defendant was charged in two separate bills of indictment with felonious breaking or entering and larceny. Through court-appointed counsel, he entered a plea of not guilty to each charge. The two cases and identical charges in *State v. Freddie Luckey,* 71CR3946 and 71CR3950, were consolidated for trial. The jury found defendant guilty of two offenses of felonious breaking or entering and two offenses of felonious larceny. From judgment entered on the verdicts of the jury, defendant appealed and is represented on appeal by court-appointed counsel. The record reveals that defendant moved that he be allowed to withdraw his appeal. Upon a hearing, with defendant and his counsel present, the court entered an order allowing him to withdraw his appeal. Six days thereafter, by letter, he instructed the court that he would like to appeal. Thereafter, the court entered an order treating the letter as notice of appeal, setting time for service of statement of case on appeal, and appointing counsel to prosecute the appeal.

*Attorney General Morgan, by Associate Attorney Witcover, for the State.*

*C. E. Leatherman for defendant appellant.*

MORRIS, Judge.

[1] Defendant's first assignment of error is directed to the court's allowing the State's motion to consolidate for trial the

charges against defendant and the charges against Freddie Luckey. Both were charged with breaking into the same two service stations at the same time and the larceny of goods from both stations. Defendant objected to the consolidation as prejudicial to him. Defendant contends the trial court abused its discretion because the "trial judge knew or should have known enough about the cases beforehand to foresee the possible prejudices to the defendant DeWalt." Each defendant had made a confession implicating the other. Defendant was certainly in a better position than the judge to know about the confessions. The defendant gave the court no reasons for possible prejudice to defendant. He argues on appeal that the court should not have allowed consolidation because each defendant had made a statement incriminating the other. Defendant relies on *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968), wherein the Court discussed at length the question of whether a defendant jointly indicted with another who moves for severance has a right to a separate trial when the State will offer in evidence the confession or admission of a co-defendant which implicates moving defendant in the crime charged and is inadmissible against him. In that case, one of the co-defendants testified and was cross-examined by his co-defendants. His statement was admissible. However, no other defendant testified and the confession of each, implicating all the others, was admitted into evidence. The Court held that *Bruton v. U.S.*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), required that defendants be given a new trial. *Bruton* granted a new trial to a defendant against whom a co-defendant's statement had been used. The trial court had instructed the jury that the statement could be considered only as to the defendant making it. The Supreme Court of the United States, speaking through Mr. Justice Brennan, said:

" . . . We hold that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements in determining petitioner's guilt, admission of Evans' confession in this joint trial violated petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. We therefore overrule *Delli Paoli* and reverse." Id. at 126, 20 L.Ed. 2d at 479, 88 S.Ct. at 1622.

*Bruton* and *Fox* are not applicable here. Although neither defendant testified, the evidence with respect to Luckey's con-

fession was given in the absence of the jury. The only evidence of a confession heard by the jury was the evidence with respect to defendant's own statement. Additionally, each defendant's statement was made in the presence of the other. See *State v. Bryant,* 250 N.C. 113, 108 S.E. 2d 128 (1959). Defendant gave no reasons for his statement of prejudice to defendant when he made his motion, nor has he shown on appeal any prejudice resulting to defendant. This assignment of error is overruled.

[2] During the course of the trial defendant Luckey changed his plea from not guilty to guilty. Defendant moved for mistrial. This motion was denied, and defendant assigns this action of the court as prejudicial error. At the time Luckey changed his plea, three witnesses had testified for the State in the presence of the jury. The *voir dire* examination of the officer as to the voluntariness of the confessions was being conducted. The jury was, of course, out of the courtroom. The court interrogated Luckey, found that his plea was entirely voluntary, and accepted the plea. The *voir dire* examination of the officers and defendant continued. During the absence of the jury the court directed that Luckey be taken from the courtroom. When the jury returned, the court advised them that he had removed the case of Freddie Luckey from their consideration. The jury was not informed that Luckey had entered a plea, nor was there anything in the remainder of the trial which would indicate to them that that was the disposition of Luckey's case. We find no prejudice to defendant, and overrule this assignment of error.

[3] Defendant next contends that the court committed error in admitting into evidence the confession of defendant. In support of this position he simply points out that defendant testified he was mistreated and threatened by the officers, and his confession was not voluntary. The court conducted a lengthy *voir dire* examination. Evidence given by the officers and evidence given by defendant was in sharp conflict. The court found facts and adjudged that the confession was freely, understandingly and voluntarily given without threat or fear or compulsion. The facts found are supported by competent evidence. "The conflict in the testimony on the *voir dire* raised a question of credibility of the witnesses, which was for the determination of the trial court. His findings of fact, supported by competent evidence, are conclusive." (Citations omitted.) *State v. Blackmon,* 280 N.C. 42, 48, 185 S.E. 2d 123 (1971).

[4] Finally, defendant contends that his motions for nonsuit should have been allowed because although there was evidence establishing the *corpus delicti*, that same evidence also established the guilt of someone other than defendant. We said, in *State v. Macon*, 6 N.C. App. 245, 253, 170 S.E. 2d 144 (1969), aff'd. 276 N.C. 466, 173 S.E. 2d 286 (1970):

> " 'The proof of every crime consists of: (1) proof that the crime charged has been committed by someone; and (2) proof that the defendant is the perpetrator of the crime. The first element is the body of the crime, or the *corpus delicti;* the second is the proof of defendant's connection with the crime, *i.e.,* his guilty participation or agency therein.' Wharton's Criminal Evidence (12th Ed.), Vol. 2, § 393, p. 130. In North Carolina it is required that ' . . . the confession be "corroborated" by independent evidence of the *corpus delicti.* By this is meant, evidence that the offense charged was committed by someone, not necessarily by the defendant himself. The corroborative evidence need not be direct; it may be circumstantial, and it is sufficient (if) the circumstances are such "as will, *when taken in connection with the confession,* establish the prisoner's guilt in the minds of the jury beyond a reasonable doubt." ' Stansbury, N.C. Evidence 2d, § 182."

Here there was evidence that two service stations were entered and merchandise taken therefrom. A witness saw two cars in front of one of the stations and three people carrying merchandise from the building and putting it in the cars. One was a blue car and the other a brown car. Defendant's confession established that he was driving a tan car and was one of the three people who entered the station and took merchandise therefrom and placed it in his car. This assignment of error is also without merit.

Defendant has been given a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and PARKER concur.