## STATE v. HUDSON GRANT.

(Filed 7 May, 1958.)

**Arrest and Bail § 3:    Criminal Law § 79:    Narcotics § 2:   Searches and
Seizures § 1—**

Where the victim of an assault and robbery points out defendant to an
officer as being one of his assailants, the officer has the duty to arrest de-
fendant, G.S. 15-40, G.S. 15-41, and to search his person, and upon a
separate prosecution of defendant for possession of a narcotic drug, G.S.
90-88, based upon marijuana cigarettes discovered on the person of de-
fendant upon the search, the evidence thus obtained is competent upon
the court's finding that the officer had reasonable ground to believe that
a felony had been committed, notwithstanding defendant's conviction of
the lesser offense in the prior prosecution for assault and robbery.

APPEAL by defendant from *Seawell, J.,* August Criminal Term 1957
of CUMBERLAND.

This is a criminal proceeding tried upon an indictment charging
that the defendant did unlawfully, wilfully, and feloniously have in
his possession and under his control a narcotic drug, to wit, marijuana,
in violation of G.S. 90-88.

The State's evidence discloses that about 3:30 a.m. on 28 July 1957,
Police Officer C. B. Morrison, of the City of Fayetteville, was investi-
gating a case of assault and robbery. He was accompanied at the time
by the victim of the assault. As they were proceeding along Washing-
ton Avenue in the City of Fayetteville, they observed the defendant
walking along the street. The victim of the assault identified the de-
fendant as being one of the participants in the assault on him. The
defendant was immediately arrested and as a result of a search then
made of his person, it was found that he had in his possession a num-
ber of marijuana cigarettes.

The jury returned a verdict of guilty as charged, and the defendant appeals, assigning error.

*Attorney General Patton, Assistant Attorney General Bruton for the State.*
*Seavy A. Carroll for defendant, appellant.*

PER CURIAM.   The defendant argues that the officer had no right to search him because the arrest was made without a warrant and was, therefore, illegal and void. This constitutes the defendant's assignment of error No. 1.

When the defendant challenged the legality of his arrest in the trial below, the court, in the absence of the jury, heard the evidence relating to the circumstances under which the arrest was made, and found as a fact that the officer had reasonable grounds to believe that a felony had been committed.

If the officer had the right to arrest the defendant, the defendant concedes he had the right to search his person, and items found in the search would be admissible in evidence against him.

We hold that, upon the evidence adduced in the trial below, the officer not only had the right but the duty to arrest the defendant on the occasion in question, when the victim in the assault and robbery charge pointed out the defendant to the officer as being one of his assailants. G.S. 15-40 and G.S.15-41. The defendant was thereafter indicted for assault and robbery, tried and convicted of the lesser offense.

A careful examination of the remaining exceptions and assignments of error leads us to the conclusion that no error prejudicial to the defendant was committed in the trial below.

No Error.