STATE v. DENNIS EDWARD EGERTON, JAMES FRANKLIN SAPP AND JAMES HENRY PERRY.

(Filed 28 April, 1965.)

1. **Indictment and Warrant § 8—**

Where the evidence indicates that each of three defendants was present and actively participated with the others in the commission of an armed robbery, and the evidence of guilt as to each is exactly the same except as to their confessions, the three defendants are properly charged in one bill, and the defendants' contention that each was entitled to a separate trial is untenable.

2. **Criminal Law § 90—**

Where the confession of each defendant is admitted solely against the defendant making it, it will not be assumed that the jury ignored the court's instruction in this regard.

3. **Arrest and Bail § 8—**

Where officers are called and arrived at the scene of the robbery within ten minutes of its commission and are given a description of the men and the peculiar weapon used in committing the offense, and, pursuant to information from a "reliable informer," pay a morning visit to a certain address, where they find one of the suspects in bed with the cover tucked under his chin protesting he did not know another suspect who was then under the cover by his side, and find the third suspect in an adjoining bedroom, the officers are in possession of such facts as to justify them in taking the three into custody for investigation without a warrant. G.S. 15-41.

**4. Criminal Law § 71—**

Where officers arrest defendants for an investigation of a robbery in response to a description given by the victim and from information received from an informer, and warn each defendant that any admission made by him would be used against him, confessions made by defendants voluntarily within some two hours after arrest are competent against each respectively, notwithstanding defendants were not then represented by counsel, the evidence disclosing that a telephone was available to them and that neither requested that he be represented by counsel.

ON *certiorari* to review trial and judgment of *McKinnon, J.,* August, 1964 Regular Criminal Session, WAKE Superior Court.

This criminal prosecution was founded on a bill of indictment which charged that James Franklin Sapp, Dennis Edward Egerton and James Henry Perry, on May 29, 1964, did feloniously, by the use and threatened use of a firearm, to-wit: a shotgun, robbed and forcibly took from Charles Brooks the sum of $95.00. The indictment was returned at the July, 1964 "A" Session, Wake Superior Court.

Upon a showing of indigency the court appointed separate counsel for each of the defendants. After the trial, conviction, and sentence, and for the purpose of prosecuting the appeal, the court appointed Mr. Hunter to represent all defendants.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*

*John V. Hunter, III, for defendant appellants.*

HIGGINS, J. The evidence of robbery by the use of a sawed-off shotgun was plenary. The two attendants present and in charge of the place of business positively identified the defendants as being present together and participating in the holdup which took place at the Publix Oil Station in the City of Raleigh between one and two o'clock on May 29, 1964. Both attendants described the shotgun with which one of the participants covered Brooks, forcing him to surrender the keys to the cash register from which the money was taken.

In obedience to the call for help, the police arrived on the scene within 10 minutes of the time the participants left. Police Sergeants Council, Stevenson and Gilbert, on information from a "reliable informer," went to a rooming house at 214 Heck Street in Raleigh at 7:20 on the morning following the holdup. The officers found Perry in the bed with the cover tucked under his chin. In response to their inquiry as to where Dennis Egerton was, he denied that he knew anyone by that name. However, when the officers removed the cover, Dennis Egerton was in the bed beside Perry. Sapp was in bed in an adjoining room. Be-

fore entering, the officers obtained permission from one Barnes who was in charge of the building.

The officers testified they advised each defendant he need not make a statement, but if he did, it might be used against him. Neither was advised that he had a right to counsel. Each defendant, as the court found, made free and voluntary admissions of his involvement. Each, at the preliminary inquiry and again at the trial, denied any participation in or any knowledge of the robbery. Each denied making any admission to the officers. Egerton did admit he signed a blank paper for the police.

The defendants alleged the court committed errors in the trial: (1) by refusing to grant each defendant a separate trial; (2) by admitting their confessions in evidence; (3) by refusing to discharge them because of their illegal arrest and interrogation.

The defendants were not entitled to a severance. They were jointly indicted for a single armed robbery. The evidence identified each as being present and actively participating with the others in the commission of the offense. G.S. 15-152; *State v. Bryant,* 250 N.C. 113, 108 S.E. 2d 128. This is not a case in which the State seeks to consolidate separate charges. It is a one-count bill of indictment alleging a single robbery in which all participated.

The evidence was ample to identify the defendants. True, the State offered the separate admissions of each defendant, involving himself and at the same time the other two. However, the court took pains to instruct the jury that each admission was evidence only against the defendant who made it and should not be considered in anywise to the prejudice of the other two. We cannot assume the jury ignored the instruction. In this case a severance would require three separate trials on exactly the same evidence, except as to the confessions. *State v. Malpass,* 189 N.C. 349, 127 S.E. 248; *State v. Lewis,* 185 N.C. 640, 116 S.E. 259. The law does not require such duplication. The evidence offered would have warranted a charge of conspiracy as well as of the substantive offense. Direct evidence of participation was offered. The confessions strongly corroborated that direct evidence. In *State v. Bonner,* 222 N.C. 344, 23 S.E. 2d 45; *State v. Norton,* 222 N.C. 418, 23 S.E. 2d 301, and *State v. Dyer,* 239 N.C. 713, 80 S.E. 2d 769, separate trials were required. The parties were separately charged. The evidence was not the same against all parties. In *Bonner* the confessions constituted the sole evidence of participation. The line of demarcation between the cases which permit the joint trial and those which require a severance is clearly drawn. A joint trial was required in this case.

We think the information in possession of the officers was sufficient to authorize the arrest without a warrant. The officers were called and arrived at the scene of the crime within ten minutes after its commis-

sion. They had a description of the men and the peculiar weapon used. The stock and barrel of the shotgun had been cut off. A black string around the barrel and fastened to the grip served as a sling. The description of the men and the weapon, and the information from the "reliable informer," resulted in the morning visit of the officers to 214 Heck Street in Raleigh. They found Perry in the bed with the cover tucked under his chin, protesting he did not know Dennis Egerton who was then under the cover by his side. Sapp was in an adjoining bedroom. The officers were in possession of such facts as to justify taking the three into custody until they could be identified by Brooks and Marcom. G.S. 15-41; *State v. Brown, ante* 191.

The officers took the suspects to the police station and placed them in separate cells for interrogation. The officers testified, and the notation on Egerton's written admission disclosed, that he signed the confession at 9:25 a.m. on May 29, 1964, about two hours after his arrest. According to the evidence, Egerton, and perhaps Sapp and Perry, made admissions of guilt before Brooks and Marcom came to the station and identified them.

The evidence on the preliminary inquiry was sufficient to support the court's findings that the officers cautioned the defendants that any admissions made by them could be used against them. Competent evidence supports the court's finding and conclusion that the admissions were free and voluntary. These admissions were received at the time the officers were making their investigation. Proper interrogation, after warning of the right to keep silent, is a necessary step in criminal law investigation. The suspect should have an opportunity to offer his explanation of what appeared to be incriminating circumstances to the end that further investigation may not only remove suspicion from him in case of innocence, but may cause the officers to look elsewhere for guilt. A good officer should be as anxious to clear the innocent as he is to involve the guilty. While the defendants complain that they were without counsel at the time of their interrogation, the evidence discloses that a telephone was available to them and that neither requested that he be represented by counsel.

No error.