STATE v. ROBERT LEE GRIER, JR.

(Filed 12 October, 1966.)

**Arrest and Bail § 3—**

Where it is made to appear that the arresting officer knew that a robbery had been committed by one who had fled, that the officer found defendant at the location described in the officer's information, that defendant fitted the general description of the felon and had property on his person similar to that taken at the robbery, the circumstances justify the arrest of defendant by the officer without a warrant. G.S. 15-41(2).

STATE *v.* GRIER.

APPEAL by defendant from *Clarkson, J.,* at May 9, 1966, Session of the Criminal Superior Court of MECKLENBURG County.

The State's evidence tends to show that the defendant went to a grocery store operated by Clyde A. Thompson, whom he pushed down and threatened to kill. They struggled, and the defendant received a cut on the back of his leg from a piece of glass. Thompson was stabbed in the back with a knife by the defendant. Thompson had two packages of money containing approximately $260 each in his pocket. He had written his name or initials on one or more of the bills and the figures "260" on another. The money fell from his pocket and the defendant picked it up and ran. Thompson was unable to catch the robber, and was shortly afterwards taken to the hospital to receive treatment for the cut on his back.

The officer who arrested Grier testified that he had received a description of Thompson's assailant and his clothing, that he had a cut on the rear of his right leg, and that he was at a house on Steven Street. Upon arriving at this address, defendant was found there and his appearance in all respects coincided with the officer's information. A search of the defendant revealed he had $480 in money; that one bill had on it the initials "C A T" and another one "C. A. Thompson", and another the figures "260". The defendant was taken to the hospital for treatment of the cut on his leg, and was there identified by Thompson as his assailant. Thereafter a warrant charging the defendant with the robbery was issued.

The defendant sought to establish an alibi, which was not accepted by the jury, and upon conviction and judgment he appealed.

*Thomas Wade Bruton, Attorney General, Bernard A. Harrell, Assistant Attorney General for the State.*
*Mercer J. Blankenship, Jr., for defendant appellant.*

PER CURIAM. On appeal the defendant abandoned all exceptions taken at the trial except the question of whether the defendant was lawfully arrested without a warrant within the purview of the statute.

G.S. 15-41(2) provides: "A peace officer may without a warrant arrest a person: * * * (2) when the officer has reasonable grounds to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

In *S. v. Egerton,* 264 N.C. 328, 141 S.E. 2d 515, the Court upheld an arrest by a peace officer without a warrant stating: "The officers were called and arrived at the scene of the crime within ten minutes after its commission. They had a description of the men and

the peculiar weapon used. * * * The description of the men and the weapon and the information from the 'reliable informer' resulted in the morning visit of the officers to 214 Heck Street in Raleigh. * * * The officers were in possession of such facts to justify taking the three into custody until they could be identified by Brooks and Marcum. G.S. 15-41; *S. v. Brown*, 264 N.C. 191."

In this case the arresting officer knew that a robbery had been committed by one who had fled. He had a general description of the felon, of his checkered pants, and of the cut on the rear of his right leg. The defendant was found at the location described in the officer's information and had property on his person similar to that taken in the robbery.

In view of the above, we think the information in possession of the officers was amply sufficient to authorize the arrest without a warrant.

No error.