STATE v. ROBERT ALLEN ROBERTS
No. 6912SC444

(Filed 22 October 1969)

1. Criminal Law § 84;   Narcotics § 4— unlawful possession of drugs — admission of LSD tablets in evidence — search incident to lawful arrest

In a prosecution charging defendant with the unlawful possession of 57 tablets containing lysergic acid diethylamide (LSD), a narcotic drug, in violation of G.S. 90-88, the trial court properly admitted in evidence the LSD tablets found in defendant's possession by a search incident to a lawful arrest without a warrant, the officers who made the arrest having had reasonable ground to believe that the defendant had committed a felony and would evade arrest if not taken into immediate custody.

**2. Arrest and Bail § 3— arrest without warrant — reasonable ground — felony — evasion of arrest — sufficiency of evidence**

The arrest of defendant without a warrant on a charge of the unlawful possession of tablets containing the narcotic drug LSD *is held* lawful where the officers who made the arrest had reasonable ground to believe that defendant had committed a felony and would evade arrest if not immediately taken into custody, the evidence of the circumstances surrounding the arrest being to the effect that the officers received a telephone call from a reliable informant that defendant was selling LSD at a certain restaurant, that the officers found the defendant and a male companion in a lighted parking lot adjacent to the restaurant and observed the actions of defendant as he spoke to numerous persons, that the officers had previously observed similar actions in the restaurant vicinity which involved the selling of narcotics, that at the time the restaurant was to close defendant left the parking lot and went into a washerette, and that the officers, fearing defendant would evade arrest, promptly made the arrest. G.S. 15-41(2).

**3. Arrest and Bail § 3— arrest without warrant — grounds**

A peace officer may arrest a person without a warrant when the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody. G.S. 15-41(2).

**4. Arrest and Bail § 3— arrest without warrant — determination of reasonable grounds**

In determining whether officers had reasonable grounds to believe that defendant would evade arrest if not taken into immediate custody, the court must necessarily take into consideration the nature of the felony, the hour of the day or night, the character and reputation of the neighborhood where the arrest was made, the number of suspects, the number of officers available for assistance, and the likely consequences of the officers' failure to act promptly.

APPEAL by defendant from *Bickett, J.,* 24 February 1969 Criminal Session, CUMBERLAND Superior Court.

The defendant Robert Allen Roberts was arrested on 7 January 1969 by Special Agent Cuyler L. Windham, of the State Bureau of Investigation, for the unlawful possession of a narcotic drug commonly referred to as LSD. Special Agent Windham received a telephone call on 7 January 1969 shortly before 11:00 p.m., from a confidential informant with whom he had had prior contact, informing him that the defendant and another were at the Village Shoppe restaurant and that they were in possession of a quantity of LSD and were selling it. Special Agent Windham then telephoned Lt. R. A. Studer, of the Fayetteville Police Department, at his home, and requested that he meet him at the Hubbard Building immediately across the street from the restaurant where the defendant was allegedly engaged in the sale of narcotics. After Windham arrived

at the Hubbard Building, fifteen to twenty minutes after he received the telephone call from the informant, he found Lt. Studer already in the building. From their vantage point, the officers observed the defendant and his companion milling around the parking lot adjacent to the restaurant. The officers testified that numerous persons would approach the defendant and talk to him for a short while and the defendant would move from group to group and talk for a short period of time. The officers had previously observed the selling of narcotics in the vicinity and the actions of the defendant and his companion on this date were similar to the actions of those previously observed. At approximately 11:15, the defendant and his companion left the restaurant and went to a washerette a few doors away. The two officers followed them into the washerette, placed them under arrest, advised them of their constitutional rights, and searched them immediately. The search revealed 57 LSD tablets which had been concealed in a rubber tip in a finger of a pair of gloves worn by the defendant. The officers did not have a warrant for the defendant's arrest nor did they have a search warrant. Upon their voir dire examination of the officers, the trial judge made the following finding and ruling:

"Let the record show, Mr. Worth, that, after hearing the evidence, in the absence of the jury on voir dire, the court finds as a fact that Cuyler L. Windham, Agent of the S.B.I., had reasonable grounds to believe that a felony was being committed, and that the Defendant Mr. Roberts, Robert Allen Roberts, was at the place committing the felony; that he had also had reasonable grounds to believe that unless he was apprehended and arrested that he would escape from the scene of arrest, and that the arrest was based on reasonable belief of the officer that a felony had been and was being committed and that the arrest was legal without a warrant, and that the search of the defendant Mr. Roberts was, at the instant of the arrest, and therefore was valid."

The 57 LSD tablets taken from the defendant were admitted into evidence. From a conviction upon indictment for the unlawful possession of LSD, a quantity of narcotic drugs, and judgment imposed thereon, the defendant appealed.

*Robert Morgan, Attorney General, by William F. Briley and Robert G. Webb, for the State.*

*Nance, Collier, Singleton, Kirkman & Herndon, by Rudolph G. Singleton, Jr., Charles Lee Guy, and William J. Townsend, for defendant appellant.*

HEDRICK, J.

[1] The appellant assigns as error the court's admission into evidence the 57 tablets containing LSD taken from the person of the defendant without a search warrant. G.S. 90-88 reads as follows: "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this article." G.S. 90-111(a) states: "Any person violating any provision of this article or any person who conspires, aids, abets or procures others to do such acts shall upon conviction be punished, for the first offense, by a fine of not more than one thousand dollars ($1,000.00) or be imprisoned in the penitentiary for not more than five years, or both, in the discretion of the court." The defendant Robert Allen Roberts was indicted for the felony of possessing 57 tablets containing lysergic acid diethylamide (LSD), a narcotic drug.

[2] The determinative question arising on this appeal is whether the officer was justified under all of the circumstances in arresting and searching the defendant without a warrant.

[3] G.S. 15-41(2) reads as follows: "A peace officer may without warrant arrest a person . . . When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

Our Supreme Court has applied G.S. 15-41(2) in numerous cases, which apparently prompted the appellant to state in his brief:

"What reasonable ground the arresting officer had was to believe that the person to be arrested had committed a felony. In view of the decisions of our Court, appellant concedes at the outset that the information furnished to the arresting officers by a reliable, confidential informant, who had previously furnished reliable information, was sufficient to satisfy this requirement."

The appellant's sole contention is that the officers did not have reasonable grounds to believe that the defendant would evade arrest if he was not taken into custody immediately. We do not agree with this contention.

[4] In determining whether the officers had reasonable grounds to believe that the defendant would evade arrest if not taken into immediate custody, we necessarily must take into consideration the nature of the felony, the hour of the day or night, the character and reputation of the neighborhood where the arrest was made, the number of suspects, and of the officers available for assistance, and

the likely consequences of the officers' failure to act promptly. In this connection, Special Agent Windham, of the S.B.I., testified that he had a telephone call from a confidential informant at about 11:00 p.m. on 7 January 1969 informing him that the defendant was at that time selling LSD in the vicinity of the Village Shoppe restaurant in the City of Fayetteville, North Carolina. Officer Windham immediately called Lt. Studer at his home and asked him to meet him in a building near the restaurant. The officers testified that they observed the defendant and a male companion in a parking lot near the restaurant. Calculating the time from the officers' testimony, it was approximately 11:30 p.m., and the officers knew that the Village Shoppe restaurant would soon close. The officers had previously observed the selling of narcotics in the vicinity.

When the officers observed the defendant and his companion leave the lighted parking lot and go to the washerette, it then became necessary for the officers to follow and take prompt action. We think that the officers had reasonable grounds to believe that the defendant would have evaded arrest if not taken into custody immediately. It may be contended that the modern policeman has at his disposal means of rapid transportation and communication to facilitate his obtaining process to arrest and search felony suspects, but the same means are available to the violators of the criminal laws to facilitate their evasion if prompt action is not taken by the officer.

In *State v. Grier,* 268 N.C. 296, 150 S.E. 2d 443, the police had been informed that the defendant had committed a robbery, and had been given a description of the defendant and advised that he might be found at a certain house. The defendant was, in fact, found at the house and arrested without a warrant. The Court held that the defendant's arrest without a warrant was justified when the officer had information that the defendant had committed a felony, and articles of personal property seized incident to the arrest were properly admitted into evidence.

In *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269, the officers were informed that the felony of burglary with attempt to rape had been committed and they were given a partial description of a suspect by the victims. The police later the same night arrested the defendant without a warrant and seized certain items of personal property from the person of the defendant. Justice Lake, speaking for the Court, said:

"There was no error in admitting in evidence the two cans of beer and the Amphetamine tablets found in the defendant's pockets. The police officer who searched the defendant had been

informed of the felony committed at the Patton residence and that a barefooted white man, wearing coveralls, was suspected to have been the perpetrator of it. He was looking for such a man. At about 3 a.m., he found the defendant, who answered the description, hiding behind a bush two blocks from the scene of the crime. Under these circumstances, it was lawful for him to arrest the defendant without a warrant. G.S. 15-41(2); *State v. Grier,* 268 N.C. 296, 150 S.E. 2d 443; *State v. Grant,* 248 N.C. 341, 103 S.E. 2d 339; *State v. Fowler,* 172 N.C. 905, 90 S.E. 408; Strong, N.C. Index 2d, Arrest and Bail, § 3. Police officers may search the person of a prisoner lawfully arrested as an incident to such arrest. *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741; *State v. Haney,* 263 N.C. 816, 140 S.E. 2d 544. The officer may lawfully take from the prisoner any property which he has about him which is connected with the crime charged or which may be required as evidence. *State v. Ragland,* 227 N.C. 162, 41 S.E. 2d 285; *State v. Graham,* 74 N.C. 646. If otherwise competent, such article may be introduced in evidence by the State."

In *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506, an arrest without warrant was upheld when the evidence disclosed that the officer had information that the felony of breaking and entering had been committed, and the defendants fitted the description of the perpetrators of the crimes.

In *State v. Egerton,* 264 N.C. 328, 141 S.E. 2d 515, the victims of a robbery were able to identify the robber. Later the same night a "reliable informant" told the police where the defendant could be found. The police went to the location, found the defendant in bed and arrested him without a warrant. Citing G.S. 15-41, the Court held that the arrest of the defendant without a warrant was proper. In the above case it is interesting to note that the arrest was made some 5½ hours after the police had been given the information regarding the robbery and the defendants had been identified.

In *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741, the police officer had information of the commission of the felony of armed robbery and also had a description of the automobile being driven by the suspect. Upon stopping the automobile, the officer observed a pistol lying on the seat. Citing G.S. 15-41, the Court held that the arrest of the defendant without a warrant was justified when the officer had reasonable ground to believe that the defendant had committed a felony and would evade arrest if not taken into custody. Justice Branch then stated: "The search and seizure were so closely related

in time and circumstance to the arrest as to make the search and seizure reasonable."

In support of his contentions, the appellant cites *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100. The facts in this case are clearly distinguishable in that the defendant Mobley was arrested by an officer without a warrant for public drunkenness and was later charged with resisting that arrest. The defendant was acquitted of public drunkenness and convicted by the jury of resisting arrest. The Supreme Court held that a charge of resisting arrest could not be predicated on an unlawful arrest.

In *Neal v. Joyner,* 89 N.C. 287, also cited by the defendant, the plaintiff had been arrested without a warrant for robbery at the request of the defendant, a peace officer. The Court held that the request of the defendant to have the plaintiff arrested without a warrant was justified since the defendant had reasonable grounds to believe that the plaintiff had committed a felony and would evade arrest if not taken immediately into custody. We find nothing in this case to support the defendant's contention.

The appellant earnestly contends that *U. S. v. Coplon,* 185 F. 2d 629, 28 A.L.R. 2d 1041 (2 Cir. 1950), Cert. denied 342 U.S. 920, 72 S. Ct. 362, 96 L. Ed. 688, is authority to sustain his position. We do not agree. In *Coplon,* the defendant was suspected of having transmitted classified information to an agent for a foreign government. She had been under surveillance by agents of the F.B.I. for many weeks and had been observed meeting an agent of the foreign government on three occasions. On the day she was arrested without a warrant, 24 agents of the F.B.I. had been assigned to her case and it was known that upon this date she would meet with the agent of the foreign government and that she would have certain information in her possession. The F.B.I. had already assigned a matron to take custody of the defendant upon her arrest. Apparently everything had been planned for the defendant's arrest except obtaining a warrant. The Court held that the arrest of the defendant without a warrant under these circumstances was not justified since there was absolutely no reasonable ground to believe that the defendant would evade arrest if not immediately taken into custody, and that considering all of the circumstances, the formality of obtaining an arrest warrant ought not to have been overlooked.

In *Lee v. U. S.,* (C.A. Mo. 1966), 363 F. 2d 469, Cert. den. 87 S. Ct. 323, 385 U.S. 947, 17 L. Ed. 2d. 227, a confidential informant advised agents of the F.B.I. on 18 September 1964 that the defendant had in his possession securities taken from a bank robbed in

early May 1964. Relying on this information, agents of the F.B.I. placed the defendant under a "loose" surveillance for 10 days. On 29 September 1964, they were informed that the defendant was going to sell some of the stolen securities at the Saint Louis airport that night. The U. S. Attorney was advised of this fact but did not obtain either a search warrant or an arrest warrant from the U. S. Commissioner even though he had ample time and opportunity to do so. The defendant was arrested without a warrant, the stolen securities seized and his subsequent conviction was upheld by the Eighth Circuit Court of Appeals.

We consider the language from the opinion in *Churder v. U. S.*, (8th Cir. 1968), 387 F. 2d 825, to be appropriate: "We do not mean to imply or to negate the general rule that a warrant is the preferred route. At the same time, we are disinclined to raise almost insuperable barriers for the law enforcement officer who must act promptly upon freshly received information the value of which, if there is significant delay, will evaporate and be lost forever."

[1, 2]     We believe that the nature of the felony in the instant case and that all of the facts and circumstances connected with its commission, along with all of the information available to the officers, justified the immediate arrest and search of the defendant, and that the superior court did not commit error in admitting into evidence the 57 tablets containing LSD over the objection of the defendant.

No error.

MALLARD, C.J., and MORRIS, J., concur.