State v. Denton

STATE OF NORTH CAROLINA v. JAMES DENTON

No. 7312SC93

(Filed 28 March 1973)

1. **Arrest and Bail § 3— warrantless arrest — commission of felony and probability of escape as prerequisites**

    In order to justify a warrantless arrest under G.S. 15-41(2), the State must show that the officer had probable cause to believe the person arrested had committed a felony and that the officer had probable cause to believe the person arrested would escape if not immediately taken into custody.

2. **Arrest and Bail § 3— warrantless arrest — commission of felony**

    Because of his knowledge of outstanding bills of indictment against the defendant charging felonies and his knowledge of the existence of a capias for the arrest of the defendant, the arresting officer did have probable cause to believe that defendant had committed a felony.

3. **Arrest and Bail § 3— warrantless arrest — probability of escape — arrest lawful**

    Where the evidence in a prosecution for possession of heroin tended to show that the arresting officer knew that bills of indictment had been returned against defendant, that he had known defendant for eight or nine months and had an opinion where he could find him, that he found defendant where he expected to find him, but that defendant had to be removed forcibly from the vehicle in which he was sitting and his arms handcuffed behind his back, and that the officer had reason to believe that defendant would leave the county, the officer had probable cause to believe that defendant would evade arrest if not immediately taken into custody; therefore, the warrantless arrest of defendant was lawful.

APPEAL by defendant from *Clark, Judge,* 28 August 1972 Criminal Session of CUMBERLAND County Superior Court.

Defendant was charged in a bill of indictment with possession of heroin on 27 June 1972, pleaded not guilty, but was found to be guilty by a jury. Defendant was sentenced to imprisonment for not less than three nor more than five years in the State Prison.

In a voir dire hearing the State put on evidence tending to show that prior to 27 June 1972 a Grand Jury had returned two bills of indictment against the defendant for possession and sale of heroin on a date prior thereto. These were felony indictments. Pursuant thereto a capias had been issued ordering that defendant be arrested. William H. Nichols, a Deputy Sheriff, saw defendant sitting in an automobile in Fayetteville at about

10:00 p.m. on 27 June. Although Nichols did not have the capias in his possession, he arrested defendant under its authority. The defendant was searched as an incident to that arrest, taken to the police station, and a glassine bag was found when he emptied his pockets. That glassine bag contained a white powder which was tested by chemical analysis, and found to be heroin. It was for possession of that heroin found by search of his person incident to the arrest on 27 June 1972 that defendant was tried and convicted in this case.

*Attorney General Robert Morgan by Deputy Attorney General Andrew A. Vanore, Jr. for the State.*

*Assistant Public Defender Kenneth Glusman for defendant appellant.*

CAMPBELL, Judge.

Defendant contends that the arrest was unlawful, that the evidence discovered as an incident to that arrest was unlawfully seized, and therefore that that evidence was not admissible in the prosecution against him.

By the term "arrest without warrant" is obviously meant the situation where no warrant for arrest has been issued. But in addition, that phrase also includes the situation where a warrant for arrest is in existence, but not in the possession of the arresting officer, or someone acting in conjunction with him, at the time and place of arrest. It is the general rule that when the arresting officer does not have the warrant in his possession at the time of arrest, the arrest is unlawful, unless it is one which could be validly and legally made without a warrant. *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470 (1949).

[1] An arrest without warrant, except as authorized by statute, is illegal. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100 (1954). Since the officer did not arrest with warrant in the instant case, the validity of the arrest must be determined by G.S. 15-41, which states the conditions upon which a law officer may arrest persons without warrant.

Subsection (2) of G.S. 15-41 provides that a peace officer may arrest a person without warrant "[w]hen the officer has reasonable ground to believe that the person to be arrested has

committed a *felony* and will *evade arrest* if not immediately taken into custody." (Emphasis added.)

In order to justify a warrantless arrest under this subsection the State must show two things: (1) that the officer had probable cause to believe the person arrested had committed a felony, and (2) that the officer had probable cause to believe the person arrested would escape if not immediately taken into custody.

[2]    Probable cause to believe that the person had committed a felony exists without question where the officer has personal knowledge that a warrant has been issued for the arrest of such person, which warrant charges a felony. *Bartlett v. United States*, 232 F. 2d 135 (5th Cir. 1956); *Cash v. State*, 222 Ga. 55, 148 S.E. 2d 420 (1966). Because of his knowledge of outstanding bills of indictment against this defendant charging felonies, and his knowledge of the existence of a capias for the arrest of this defendant, Deputy Nichols did have probable cause to believe that defendant Denton had committed a felony.

[3]    However, for this arrest to have been valid, it must appear from the evidence that Deputy Nichols had probable cause to believe that Denton would evade arrest if not immediately taken into custody.

Nichols testified that a Grand Jury had returned true bills against several individuals for violations of the narcotics laws, including Denton. At about 6:30 p.m. on 27 June several officers gathered at the Cumberland County Courthouse to organize the arrest of all those individuals named in the indictments. Nichols testified that he had known Denton for about eight or nine months, and had an opinion where he could find him. At about 10:00 p.m. on the 27th of June, Nichols saw Denton sitting in an automobile where he expected him to be, and arrested him without having the capias in his possession at the time of the arrest. The arrest took place about one mile from the courthouse.

Nichols testified:

"I did not have time to go to get the capias because I did not know how long he would be there. At that time the defendant was living in Spring Lake somewhere to the best of my knowledge. If he had left the area at that time

In re Cox

I would have followed him. In my mind, I had reason to believe he would leave Cumberland County."

The defendant had to be forcibly removed from the automobile where he was sitting, and his arms handcuffed behind his back.

The authority to arrest without warrant is limited to situations of emergency only. We believe the facts in the instant case do show such an emergency situation, and that the facts in this case are similar to the facts in *State v. Roberts,* 6 N.C. App. 312, 170 S.E. 2d 193 (1969), *aff'd,* 276 N.C. 98, 171 S.E. 2d 440 (1970), and the cases cited therein.

The arrest having been lawful, the evidence obtained as an incident thereto was admitted properly.

No error.

Judges BRITT and GRAHAM concur.