STATE OF NORTH CAROLINA v. JAMES EDWARD PENLEY

No. 34

(Filed 14 November 1973)

1. Criminal Law § 75— absence of counsel — statements by fifteen year old — voluntariness

Where the fifteen year old defendant and his mother were advised of the defendant's constitutional rights, the mother signed a written waiver and consented to the interrogation, and defendant made statements to the officers which tended to exculpate him, defendant's objection to his interrogation without counsel is not sustained.

2. Criminal Law § 84; Searches and Seizures § 2— warrantless search of house — consent by owner — evidence against defendant admissible·

The trial court in a rape case did not err in allowing into evidence defendant's blood stained pants found under his bed after his arrest when officers who conducted the search in question had no warrant but defendant's mother, who owned the house in which the pants were found, gave her consent for the search.

·  ·APPEAL· by defendant from *Exum, J.,* February 5, 1973 Regular Criminal Session, GUILFORD Superior Court (High Point Division).

In this criminal prosecution the defendant, James Edward Penley, was brought before the court to plead to the following bill of indictment:

"STATE OF NORTH CAROLINA     In the General Court
COUNTY OF GUILFORD     of Justice, Superior
                                Court Division

October 23rd Criminal Session, 1972

The State of North Carolina
          v.
James Edward Penley, Defendant

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That James Edward Penley in Guilford County, on or before the 23rd day of September 1972, with force and arms, at and in the county aforesaid, did, unlawfully, wilfully and feloniously ravish and carnally know Janice Kay Johnson, nine years of age, a female, by force and against her will against the form of the statute in such case made and provided and against the peace and dignity of the state.

                                   s/ W. DOUGLAS ALBRIGHT
                                        Solicitor"

The court, on a proper showing, appointed Richard S. Towers, Assistant Public Defender, as counsel for the defendant. After arraignment and plea of not guilty, the State presented evidence of which the following is a short summary.

On and prior to September 23, 1972, Janice Kay Johnson, age nine years, lived with her father, Fred Johnson; her mother, Gladys Johnson; and two brothers, Ray Johnson, age fifteen, and Ricky Johnson, age thirteen. Their home was located near a wooded area on the outskirts of High Point. The three Johnson children slept in one bedroom—the boys together in a double bed and Janice in a single bed. Ray Johnson and the defendant, James Edward Penley, worked together after school hours and sometimes at night at the Archdale Soda Shop.

·  Ray Johnson testified that he and the defendant ·and· two other boys left the shop about one o'clock· at night. They bought

some wine and beer and went to an old rock quarry where they remained drinking for about one hour or one hour and a half. Ray Johnson became sick and went home. The defendant went to another place to get some cigarettes and then proceeded to the Johnson home. He entered the bedroom where the three children slept and lay down across the boys' bed. He testified that the next thing he remembered he was at home in his own bed surrounded by the officers.

Janice Johnson testified that she is nine years old and weighs forty-five pounds. She had previously seen James Penley and knew his name. She testified that on the morning of September 23rd, "[H]e [the defendant] picked me up and had his hand over my mouth and he carried me out. . . . It was night-time . . . he took me out of the back door and into the woods behind my house. . . . [H]e pulled my clothes off and he put his private parts in me. Yes, sir, I tried to holler. . . . He told me if I didn't be quiet, he would kill me. . . . After the defendant finished with me, he ran."

The witness returned to the house in great distress, bleeding profusely. She told her father and mother what had happened. They reported to the police and took Janice to the hospital where she received medical treatment for severe vaginal injuries. She remained in the hospital for a number of days. Tests disclosed the presence of live male sperm in a smear taken from her vagina.

The officers arrested the defendant, James Edward Penley, in his own home. He was in bed apparently asleep. They interviewed his mother after they ascertained that he was fifteen years of age. They gave both the defendant and his mother, with whom he lived, the usual warnings and cautions. The mother signed the written waivers. Mrs. Penley gave the officers permission to search the house and the room where James slept. Under his bed they found his pants with fresh blood on them. At the scene in the woods back of the Johnson house the officers found fresh tracks and one of the defendant's shoes.

At the conclusion of the State's evidence the court overruled the defendant's motion to dismiss.

The defendant offered John Enloe as a witness who testified that he went to the rock quarry with the defendant, Ray

Johnson, and others, and that the defendant drank two bottles of wine and two beers. The defendant testified that he is fifteen years of age and that he went with Ray Johnson and other boys to the quarry where he drank two bottles of wine and about four or five beers. "I had never consumed a similar amount of alcohol before." After the party broke up, he and Ray Johnson left together on foot. They separated, Ray to go home, and he to find some cigarettes and matches. Later he went to the Johnson home as he had done before, went into the bedroom where the children slept, lay down across the boys' bed, and went to sleep. "I don't even remember going to my house." The defendant said, "I am about five-six, I weigh about 140 pounds."

It appears from the addendum to the record, certified to by the clerk of the superior court, that the jury returned this verdict: "[G]uilty of Rape as charged in the bill of indictment." A poll of the jury verified the verdict.

The court entered judgment that the defendant be imprisoned for the term of his natural life. The defendant excepted and appealed.

Robert Morgan, Attorney General, by Charles M. Hensey, Assistant Attorney General, for the State.

Richard S. Towers, Assistant Public Defender, for the defendant.

HIGGINS, Justice.

[1] The defendant, age fifteen, objected to the trial court's finding that he consented to being questioned in the absence of counsel. At the beginning of the interrogation the officers ascertained the defendant was fifteen years of age. They sent for his mother with whom he lived. Both the defendant and his mother were advised of the defendant's constitutional rights. The mother signed a written waiver and consented to the interrogation.

The defendant said he had been drinking. The last he remembered he lay down on Ray Johnson's bed and went to sleep. The next thing he remembered was the officers surrounding his bed. He testified to the same effect before the jury, as a witness in his own defense. His statements to the officers tended to exculpate him.

The court's findings that he made a voluntary waiver of counsel, even though he is a minor, is supported by the record

and by decided cases. *Gallegos v. Colorado,* 370 U.S. 49, 8 L.Ed. 2d 325, 82 S.Ct. 1209; *State v. Roseman,* 279 N.C. 573, 184 S.E. 2d 289; *State v. Haskins,* 278 N.C. 52, 178 S.E. 2d 610. One who has arrived at the age and condition of accountability for crime may make a valid waiver of counsel and make a voluntary confession. *State v. Hill,* 276 N.C. 1, 170 S.E. 2d 885.

Actually, the defendant, as a witness in his own behalf, testified that he was intoxicated and remembered nothing after he arrived at the Johnson boys' bedroom, lay down on their bed, and went to sleep. He knew nothing thereafter until the officers aroused him from his own bed. The objection to the interrogation without counsel is not sustained.

[2] The defendant excepted to the introduction of his blood stained pants found under his bed after his arrest. The basis of the objection is the absence of a search warrant. The mother owned the house. She gave consent for the search. Her consent was sufficient. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755.

The defendant's other objections related to the failure of the court to grant his motions to dismiss and to set the jury verdict aside. They do not require discussion.

In the trial and judgment, we find.

No error.