STATE OF NORTH CAROLINA v. WILLIAM SANDEROUS KENNON

No. 738SC583

(Filed 12 December 1973)

**Arrest and Bail § 3— warrantless arrest — reasonable grounds to believe felony committed, escape imminent**

Where officers observed defendant at 11:00 p.m. carrying a fishing tackle box with the lid open and brimming with apparently new oil filters and an innertube, the officers were suspicious and they approached defendant who blurted out that he had been forced to break into a place and take some merchandise, the officers warned defendant of his rights, placed him in a patrol car, but asked him no questions, the officers observed a matchbook with the name of a service station printed on it in the tackle box, they proceeded to the station where they saw a broken window, blood, a T-shirt and a hat, defendant had a cut on his arm, and defendant stated that the hat was his, officers had reasonable grounds to believe that defendant had committed a felony and would evade arrest if not taken into immediate custody, and evidence seized upon defendant's arrest was properly admitted, though the arrest was made without a warrant.

APPEAL by defendant from *Martin (Perry), Judge,* at the 22 January 1973 Session of WAYNE Superior Court.

This is a criminal action in which the defendant William Sanderous Kennon was tried on an indictment charging breaking and entering, larceny and receiving stolen goods. The defendant pled not guilty but was found guilty of breaking and entering and larceny and was sentenced to not less than seven nor more than ten years in the State's Prison.

*Attorney General Robert Morgan by Assistant Attorney General James L. Blackburn for the State.*

*Strickland and Rouse by David M. Rouse for defendant appellant.*

CAMPBELL, Judge.

Defendant's sole assignment of error is the denial by the trial court of his motion to suppress evidence gained as a result of an illegal arrest. In the case at bar, at approximately 11:00 p.m. on June 4, 1972, police officers observed the defendant carrying a fishing tackle box with the lid open and brimming with oil filters and an innertube, all of which appeared to be new. The officers were suspicious and approached the defendant who immediately blurted out that he was looking for a police officer, that he had been forced by two men with a gun to break into a place and that they had made him take part of the merchandise. The officers testified that the defendant had the odor of an intoxicating beverage on his breath but that he did not stagger, his speech was not slurred and that he did not appear to be drunk. The officers fully advised the defendant of his constitutional rights and placed him in the patrol car but did not ask him any questions.

When the tackle box was placed in the car, the lid fell open and the officers obsesrved a book of matches with "Richard Best Texaco" on it. The officers then proceeded with the defendant to Richard Best's Texaco Station where they saw a broken window in one of the bays, some blood on the window, and, beneath the window, a T-shirt and a hat. The defendant stated the hat was his even though the officers asked him no questions about it. The officers observed an unbandaged two-inch cut on defendant's arm. The bleeding had stopped and was dry. The defendant was then turned over to Lt. Forehand, a detective, who had been called to the scene. The goods and tackle box were then identified by Mr. Richard Best, who had arrived at the scene, as being his property which had been in the station.

The statute covering arrest without a warrant for a crime not committed in the presence of the officer is G.S. 15-41 which reads:

"A peace officer may without warrant arrest a person:

\*      \*      \*

(2)  When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

On the issue of whether the officers had reasonable grounds to believe that the defendant had committed a felony, the evidence was more than ample.

In determining whether the officers had reasonable grounds to believe that the defendant would evade arrest if not taken into immediate custody, we necessarily must take into consideration the nature of the felony, the hour of the day or night, the nature of the neighborhood where the arrest was made, the number of suspects, the number of officers available for assistance, and the likely consequences of the officers' failure to act promptly. Considering the evidence in light of the aforementioned factors, we find no unlawful arrest and no error in the trial court's denial of the motion to suppress.

No error.

Chief Judge BROCK and Judge BRITT concur.