STATE OF NORTH CAROLINA v. CLEVELAND N. LITTLE

No. 7526SC379

(Filed 17 September 1975)

1. Searches and Seizures § 2— consent to search — standing to contest consent

A search of a dwelling with the consent of the owner-occupant was constitutionally proper; furthermore, defendant, a visitor in the dwelling, had no standing to contest the consent of the owner-occupant.

2. Arrest and Bail § 3— warrantless arrest — reasonable grounds

Officers had reasonable grounds to arrest defendant without a warrant for a felony where the officers observed defendant and another carry two business machines into a house which they believed to be the base of a "fencing" operation, officers searched the house and found the two machines hidden under a blanket in a back bedroom, and defendant denied any knowledge of the machines or their ownership. Former G.S. 15-41(2).

APPEAL by defendant from *Falls, Judge.* Judgment entered 19 December 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 3 September 1975.

Defendant was tried on a bill of indictment charging him with (1) breaking and entering a building occupied by National Mattress Company and (2) larceny of the following property: three electric calculators, a money box, credit cards, checks, and four rolls and seven sheets of postal stamps. He pleaded not guilty and evidence presented by the State tended to show:

Early on the morning of 29 January 1974, Officers Beveridge and Christmas of the Charlotte Police Department were on stake out near a house on Frazier Street which they believed

State v. Little

to be the base of an operation "fencing" stolen property. Through binoculars they saw defendant arrive in a car driven by Brodie Cannon. Defendant and Cannon entered the house, emerged a few minutes later, returned to the car where they removed two business machines from the trunk and carried them into the house.

Additional officers were called to the scene and police converged on the house. When they reached the front porch, Officer Beveridge heard fragments of a conversation through the partially open front door including the words "sixty dollars is too much." They pushed the door open, identified themselves as police officers and confronted defendant, Brodie Cannon, Jack Lowry, the owner of the house, and an unidentified young woman all standing in the living room. When questioned about the business machines Officers Beveridge and Christmas had seen defendant and Cannon carrying into the house, Lowry denied knowing anything about any machines and gave officers permission to "look around" his house. A brief search disclosed, under a blanket in a back bedroom, the machines officers had previously seen defendant and Cannon carrying into the house. Defendant and the others were again asked if they knew anything about the machines. When they all denied any knowledge of the machines or their ownership, officers placed them under arrest and transported them and the machines to the Law Enforcement Center.

After arriving at the Law Enforcement Center, the officers learned of the theft of business machines from Charlotte National Mattress Company (Mattress Company). Serial numbers on the machines identified them as items taken from offices of the Mattress Company the night before. Defendant worked for the Mattress Company for a period during 1972. In addition to the business machines, officers learned that several credit cards, postage stamps and a company check were also missing. This information, together with the fact that defendant had a sheet of stamps in his possession when he was arrested, led Officer Beveridge to examine the back seat of the car in which defendant rode to the Law Enforcement Center. In a crevice behind the seat where defendant had been sitting, police recovered a rolled up sheet of stamps, several oil company credit cards bearing the Mattress Company name and a company check. The car had been inspected just prior to picking up defendant and the rear passenger compartment, including the area behind and under

the back seat, was clear; no one else had been in the vehicle since it was used to transport defendant.

Defendant offered no evidence.

A jury found defendant guilty as charged. On the breaking and entering count, the court entered judgment imposing a prison sentence of 10 years with credit to be given for time defendant spent in jail awaiting trial. On the larceny count, the court entered judgment imposing prison sentence of 10 years, to begin at expiration of the other sentence, but suspended for a period of five years on condition defendant violate no law of this State and remain gainfully employed in a lawful occupation.

Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Parks H. Icenhour, for the State.*

*Casey and Daley, P.A., by William G. Jones and Walter H. Bennett, Jr., for the defendant appellant.*

BRITT, Judge.

Defendant assigns as error the trial court's failure to suppress evidence derived from a search prior to arrest. We find no merit in this assignment.

[1] The search of the Lowry house was lawful and evidence derived therefrom was properly admitted into evidence. The validity of evidence against a criminal defendant obtained from a search consented to by a third person owner or occupant has been approved by the United States Supreme Court. *Frazier v. Cupp,* 394 U.S. 731, 22 L.Ed. 2d 684, 89 S.Ct. 1420 (1969). This rule was reaffirmed in *Schneckloth v. Bustamonte,* 412 U.S. 218, 36 L.Ed. 2d 854, 93 S.Ct. 2041 (1973). Clearly, a search consented to by the owner or person in control of a residential dwelling is constitutionally proper. *United States v. Matlock,* 415 U.S. 164, 39 L.Ed. 2d 242, 94 S.Ct. 988 (1974). Furthermore, defendant had no interest in the house other than the stolen business machines, therefore, he lacks standing to contest Lowry's consent to a search producing evidence that implicated him. *State v. Fowler,* 172 N.C. 905, 90 S.E. 408 (1906); *State v. Penley,* 284 N.C. 247, 200 S.E. 2d 1 (1973).

[2] We turn next to the validity of defendant's arrest. While not squarely presented in the briefs, the question appears to be presented at least by implication.

State v. Little

Except as authorized by statute any arrest without a warrant is unlawful. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100 (1954) ; *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969). Former G.S. 15-41 (2), which was in effect on the day in question, empowered peace officers to arrest without a warrant when they had reasonable ground to believe that a felony had been committed and the suspect would evade arrest if not taken into custody. The basis of this reasonable ground for belief is drawn from the totality of facts and circumstances surrounding the arrest, known to the officers. *State v. Jacobs,* 277 N.C. 151, 176 S.E. 2d 744 (1970). Factors involved in arriving at this determination include " . . . the nature of the felony, the hour of the day or night, the character and reputation of the neighborhood where the arrest was made, the number of suspects and officers available for assistance, and the likely consequence of the officers' failure to act promptly." *State v. Roberts,* 6 N.C. App. 312, 315-16, 170 S.E. 2d 193, 195-96 (1969), *aff'd,* 276 N.C. 98, 171 S.E. 2d 440 (1969) ; *see,* e.g., *State v. Kennon,* 20 N.C. App. 195, 201 S.E. 2d 80 (1973).

When confronted with the business machines, which just moments before officers had observed him carry into a house which they believed to be the base of a "fencing" operation, defendant denied knowing anything about the machines or their ownership. At this point, facts and circumstances crystalized to form a reasonable ground for officers to believe defendant had committed a felony and would evade arrest if not taken into custody. *Beck v. Ohio,* 379 U.S. 89, 13 L.Ed. 2d 142, 85 S.Ct. 223 (1964). By defendant's actions, officers were in possession of sufficient facts " . . . to awaken a suspicion of his being himself the guilty party . . . . " *Neal v. Joyner,* 89 N.C. 287, 291 (1883). Under former G.S. 15-41 (2) actual knowledge of an existing felony was not an essential incident of an officer's reasonable grounds of belief. *State v. Allen,* 15 N.C. App. 670, 190 S.E. 2d 714 (1972), *rev'd other grounds,* 282 N.C. 503, 194 S.E. 2d 9 (1972).

While we do not reach the question, we note that it has been held that the fact that an original arrest might have been unlawful does not affect the jurisdiction of the court, is not a ground for quashing the indictment, and does not preclude trial of the accused for the offense. 5 Am. Jur. 2d, Arrest, § 116, p. 796.

We have considered the other assignments of error brought forward and argued in defendant's brief but find them to be without merit. We conclude that defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.