STATE OF NORTH CAROLINA v. JESSE LEROY BATES

No. 784SC256

(Filed 18 July 1978)

1. **Searches and Seizures § 35— search incident to arrest—formal arrest before search immaterial**

    Where officers had a warrant for defendant's arrest and went to the place where he was staying for the purpose of arresting him, seizure of a pistol from

under the pillow on which defendant was resting his head was incident to a lawful arrest whether defendant had been formally arrested at the time of the seizure or not.

**2. Searches and Seizures § 17— trailer—consent to search given by owner**

Officers properly seized a bag of money from a trailer where the owner of the trailer gave her consent to search, and it was not necessary that the officers obtain the consent of defendant who was staying in the trailer.

**3. Criminal Law § 73.2— testimony not hearsay**

An officer's testimony concerning remarks by a trailer owner about a bag of money and permission to enter the trailer was not hearsay and was competent to show authorization to enter the trailer, but even if such evidence was hearsay, any error in its admission would be harmless since the trailer owner herself testified under oath concerning the statements she made to the officer.

APPEAL by defendant from *Smith (David), Judge*. Judgment entered 22 November 1977, in Superior Court, ONSLOW County. Heard in the Court of Appeals 29 June 1978.

Defendant was indicted and tried for armed robbery. The State presented evidence tending to show that, at 11:00 p.m., on 4 September 1977, Jeffrey Fitzgerald was working at a Stop-N-Go in Jacksonville, North Carolina, when two black males entered the store. One of the men had a pistol which he pointed at Fitzgerald; he ordered Fitzgerald to give him the money in the cash register, and Fitzgerald complied. Although Fitzgerald identified John Jones as the man with the gun, he could not identify the second man. John Jones, however, testified for the State that defendant was the other man and that the pistol belonged to defendant. A Deputy Sheriff of the Jones County Sheriff's Department, Tony Provost, testified that on the same night as the robbery he arrested defendant on an unrelated charge, and he found a .32 calibre pistol and a bag of money.

Defendant put on evidence tending to show that on 4 September 1977, he was at a place called Joe's Place from 8:00 p.m. until 12:30 a.m. He explained the bag of money as being money he had saved to rent a house.

The jury found defendant guilty of armed robbery, and the court sentenced him to a prison sentence of not less than thirty nor more than forty years. He appeals.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers, for the State.*

*Charles S. Lanier for defendant appellant.*

ARNOLD, Judge.

Before the State offered evidence in this case, defendant made a motion, pursuant to G.S. 15A-975(b), to suppress the introduction into evidence of the pistol and the paper bag containing approximately $70. The trial court heard evidence by both the State and the defendant and found facts as follows:

"1. That on September 4, 1977, Deputy Sheriff Provost of the Jones County Sheriff's Department went to the residence of Mary Jones in Jones County at approximately three o'clock a.m.

"2. That at the time of arriving at the mobile home of Mary Jones, Deputy Sheriff Provost had three warrants for the arrest of the defendant, Jesse Bates. Said warrants being for assault on a minor, pointing a gun, and assault.

"3. That on said occasion Mary Jones was with Deputy Sheriff Provost.

\* \* \* \*

"5. That Mary Jones had informed Deputy Sheriff Provost that the defendant was in her trailer.

"6. That Deputy Provost obtained permission from Mary Jones to enter the trailer and arrest the defendant.

"7. That the defendant was sleeping on the couch in the living room area of Mary Jones' mobile home.

"8. That the defendant was staying with Mary Jones and had been there for some period of time . . . . Upon the arrest of the defendant, simultaneous with the arrest Deputy Provost saw a .32 caliber pistol lying under the pillow on which the defendant had been resting his head, at which time Deputy Provost took the pistol into custody.

"9. That Mary Jones informed Deputy Provost there was some money in . . . her mobile home and with her con-

sent Deputy Provost found the paper sack of money on Mary Jones' bed in the bedroom area of the mobile home."

The trial court thereafter concluded that the seizure of the pistol was incident to a lawful arrest and that the seizure of the bag of money resulted from Mary Jones's consent to have her home searched.

[1] The findings of fact made by the trial court are clearly supported by competent evidence offered at the hearing. Defendant concedes that Mary Jones gave permission to search and that Deputy Provost had an arrest warrant. Nevertheless, he contends that he was not under arrest when the Deputy lifted him from the couch and discovered the pistol. Hence, he contests the court's conclusion that the search was incident to a lawful arrest. We disagree.

In *State v. Wooten*, 34 N.C. App. 85, 237 S.E. 2d 301 (1977), a case involving an arrest without a warrant, this Court held that where the search of a suspect's person occurs before instead of after formal arrest, such search can be equally justified as "incident to the arrest," provided probable cause to arrest existed prior to the search and it is clear that the evidence seized was in no way necessary to establish probable cause. Where law enforcement officials rely on an arrest warrant, as in the case *sub judice*, we believe that the question of whether the search occurred before or after the formal arrest is even less significant.

[2] Defendant next contends that the seizure of the bag of money was illegal since the search was illegal under the Fourth Amendment to the United States Constitution. Basically, defendant argues that his consent to search should have been obtained. Such is not the case. Consent by the owner of a home is sufficient. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971). In the present case, therefore, the consent of Mary Jones, owner of the home, was sufficient.

[3] Finally, defendant contends that the court erred in permitting hearsay testimony by Deputy Provost concerning remarks by Mary Jones about the bag of money and permission to enter the trailer. While evidence of a statement made by a person other than the witness and offered to establish the truth of the matter contained in such statement is hearsay, where the evidence is

admitted not to show the truth of the matter contained therein, but to show simply that such statement was made, the evidence is not hearsay. *See e.g., Wilson v. Indemnity Corp.*, 272 N.C. 183, 158 S.E. 2d 1 (1967).

We agree with the State's position that the officer's testimony was not hearsay and that it was competent to show authorization to enter the trailer. Moreover, even if we found the evidence to be hearsay, and we do not, any error would be harmless since Mary Jones herself testified under oath concerning the statements she made to the deputy.

Defendant received a fair trial in which we find

No error.

Chief Judge BROCK and Judge BRITT concur.