State v. Williams

STATE OF NORTH CAROLINA v. LARRY WILLIAMS, AKA HOSEAR

No. 808SC50

(Filed 3 June 1980)

**Criminal Law § 23– illegal search and seizure – guilty plea not vitiated – other evidence supporting plea**

Even if an electric coffee maker was illegally seized from defendant's apartment pursuant to an invalid warrant, defendant's plea of guilty of felonious larceny of certain business machines and the coffee maker by breaking and entering was not thereby vitiated where the business machines were seized from the basement of the apartment house in which defendant lived pursuant to a search conducted with the landlord's written permission, defendant thus had no standing to contest the search of the basement, and evidence relating to the business machines would support the guilty plea.

APPEAL by defendant from *Brown, Judge.* Judgment entered 21 August 1979 in Superior Court, WAYNE County. Heard in the Court of Appeals on 20 May 1980.

Defendant was charged in a proper bill of indictment with the felonious breaking or entering of a building occupied by G.A.B. Business Services, Inc. and the felonious larceny of two dictaphones, two electric calculators, one IBM electric typewriter, and one electric coffee maker. He filed a motion to suppress evidence seized from his apartment pursuant to the execution of a search warrant on the grounds that the warrant insufficiently described the premises to be searched and the confidential informant was not shown to be reliable. After a hearing the trial judge entered an order denying the motion to suppress, and the defendant thereupon entered a plea of guilty to felonious larceny as charged, in accordance with the terms of a "plea bargain" wherein all other charges against the defendant were dismissed. From a judgment imposing a prison sentence of two years, defendant appealed pursuant to the provisions of G.S. § 15A-979(b).

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Hulse & Hulse, by H. Bruce Hulse, Jr., for the defendant appellant.*

HEDRICK, Judge.

Defendant assigns error to the order denying his motion to suppress. The record discloses that the only evidence seized pursuant to the execution of the challenged search warrant was the coffee pot found in defendant's apartment. The remaining items described in the bill of indictment — that is, the dictaphones and calculators — were seized pursuant to a search of the basement of the apartment house in which the defendant lived. Moreover, the search of the basement was undertaken with the permission of the landlord of the apartments who signed a permission to search form. Defendant does not and cannot challenge the admissibility of the items thereby recovered since he has no standing to contest the consent of the owner. *State v. Bates,* 37 N.C. App. 276, 245 S.E. 2d 827, *cert. denied,* 295 N.C. 735, 248 S.E. 2d 864 (1978); *State v. Little,* 27 N.C. App. 54, 218 S.E. 2d 184, *cert. denied,* 288 N.C. 512, 219 S.E. 2d 347 (1975). Defendant's plea of guilty to larceny of the items seized in the search of the basement obviously supports the judgment entered thereon. Thus, it is not necessary that we reach the question of the validity of the search warrant since, even assuming *arguendo* that the coffee pot was illegally seized because the warrant was somehow invalid, the suppression of that evidence would have no effect on and could not vitiate the plea of guilty to larceny of the remaining items. For this reason the judgment appealed from is affirmed.

Affirmed.

Judges PARKER and VAUGHN concur.